### No. 10,179
### Orleans

---

### FRANZ v. N. O. COFFEE CO., LTD.

---

(June 18, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Insurance—Par. 166, 170.

An owner of an automobile, who has been indemnified by an insurance company for a part of his loss occasioned by a collision with another automobile, may

nevertheless maintain an action against the owner of the other automobile in his own name for the entire amount of damages sustained by the collision.

Appeal from Civil District Court. Hon. Hugh C. Cage, Judge.

Action by L. J. Franz against New Orleans Coffee Company, Ltd.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Spearing, Miller and Mabry, of New Orleans, attorneys for plaintiff, appellant.

John C. Hollingsworth and S. J. Tennant, Jr., of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Plaintiff sued for $470.36 as damages alleged to be due him as a result of a collision between his automobile and one belonging to defendant.

The examination of the first witness placed upon the stand by plaintiff disclosed the fact that plaintiff had been paid all of his alleged damages except $99.00 by an insurance company, whereupon the judge maintained an exception of no cause of action as to the amount paid and dismissed the suit for the remaining $99.00, because of the lack of jurisdiction.

The judgment appealed from is clearly erroneous.

Hanton, et al., vs. New Orleans and Carrollton R. L. and P. Company, 124 La. 562, 50 So. 544; Griffith vs. Keller, 147 La. 540, 85 So. 233; Smith vs. Richland, Compress & Warehouse Company, 153 La. 820, 96 So. 668; First National Bank of Miami vs. Jefferson Construction Company, 162 La. 47, 110 So. 84; Hennican vs. Woodman, 1 La. App. 281; Hendren vs. Crescent City S. & M. Water Company, 1 La. App. 625.

The judgment appealed from is reversed and the cause remanded for further proceedings according to law and the views herein expressed.