**AYRES v. WYATT et al.**

No. 5834.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 9, 1938.

W. T. Holloway, of Jonesboro, for appellants.

H. W. Ayres, of Jonesboro, and Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

TALIAFERRO, Judge.

Plaintiff's new Ford DeLuxe sedan was practically destroyed when rammed by a truck owned by the defendant, T. C. Wyatt, then being driven by Woodrow Wyatt, within the corporate limits of the town of Jonesboro, Louisiana, at 8 o'clock the morning of September 5, 1937. He sues to recover the amount of the property loss sustained by him and also for physical injuries he suffered as a consequence of the accident. His suit is buttressed upon the charge that the collision between the vehicles was solely attributable to the negligence of the defendants. Woodrow Wyatt at the time was the agent of T. C. Wyatt and was under his personal control and direction.

Plaintiff's residence is located on the south side of an 18-foot paved highway leading easterly out of the town of Jonesboro. He drove easterly on said highway approximately 300 feet to a bakery on the north side thereof, made a purchase, backed out into the highway and drove leisurely westerly toward his home. He contends that he had completed the left turn necessary to enter upon his own premises, and that his car, save some two feet of its rear end, was on his private driveway, when suddenly and violently run into on his left side by defendant's truck. Several distinct acts of negligence by defendants are alleged to be the sole cause of the collision, viz: (1) Operating the truck without efficient brakes; (2) driving at an excessive and reckless rate of speed of 60 miles per hour; (3) not maintaining a proper lookout for traffic ahead; (4) not sounding a horn or giving any other sign or signal to apprise traffic ahead of their presence; (5) driving on the left side of the road, losing control of the vehicle, due to lack of or wholly inefficient brakes and excessive speed, the ultimate result being that the car left the highway, traversed the road shoulder and collided with plaintiff's car after it had practically cleared the highway.

Plaintiff further alleged, on information and belief, that immediately prior to and at the moment of the collision, T. C. Wyatt did manually interfere with the driver's operation of the truck.

In limine, each of the defendants prayed oyer of an itemized list of the damages done to plaintiff's car which, they aver, on information and belief, was prepared immediately after the accident. They allege that such list was important and view of it necessary for them to intelligently answer the suit.

The court overruled the motions. Error in so doing is set up and urged in this court. Woodrow Wyatt filed a plea of estoppel. In substance, the basis of the plea is that plaintiff has been paid by the carrier of property damage insurance on his car the sum of $344, the amount of damages to said car, as estimated by the insurer; that on payment of this amount, plaintiff subrogated all of his rights and rights of action arising out of said collision unto said insurer and, therefore, may not sue to again recover said damages.

At the same time this plea was filed, T. C. Wyatt filed exceptions of nonjoinder and misjoinder, based upon allegations, in substance, identical with those of the plea of estoppel. He contends therein that the insurer should be made party to the suit. These pleas and exceptions were also overruled. The plea of estoppel only is urged here. The exceptions, it is conceded, were properly overruled because not timely filed.

Defendants then answered. They deny any negligence on their part as a cause or a contributing cause of the collision; and plead that to plaintiff's own negligence alone may be ascribed the accident. They aver that they signalled plaintiff of their desire to pass him on the highway, and accelerated their speed in the act of doing so; that at the same time plaintiff suddenly pulled his car to his right and then to his left and across their path of travel, without any signal of his intention to do so; that the vehicles were then too close to each other to avert a collision.

Both defendants were injured in the collision. They reconvene and sue for damages on that account. T. C. Wyatt also sues to recover damages for injuries to his truck.

In the alternative, defendants set up the contributory negligence of plaintiff as a bar to recovery by him.

Further, in the alternative, for the same reasons set up in the above mentioned plea of estoppel, defendants challenge the right of plaintiff to institute and prosecute this suit.

After joinder of issue by answers, defendants, through the office of a subpoena duces tecum, sought to require plaintiff to

produce the following papers and documents alleged to be in his possession:

1. Policy of insurance on plaintiff's car.

2. All papers, documents and acts of subrogation and "other instruments of any nature" forwarded to plaintiff by the insurer, concerning this suit or the collision.

3. Estimate of the damages to plaintiff's car made by the insurance company's agents immediately after the collision.

4. Any other papers or documents in plaintiff's possession, delivered to him by said insurer, relative to said estimate.

■ Plaintiff, through answer to the rule and under oath as a witness on trial thereof, denied having any of the papers, documents, etc., described therein in his possession. The rule was dismissed. Appellants concede the correctness of this ruling but argue that this proceeding and its determination has a material bearing upon their application for a continuance of a trial of the case (overruled by the court) on the grounds that view of said sought for papers, documents, etc., was material to an adequate defense by them in the case. They hoped to procure production of the papers, documents, etc., through other legal process at a future date. Error of the court in overruling the application for a continuance is here urged. The lower court held that the papers, documents, etc., described in the rule were not relevant to the issues tendered by the pleadings and, if produced, would not be admissible as evidence. We agree with this ruling. Plaintiff signed no subrogation to the insurer. The insurance company is not a party to the suit. The policy issued by it could have no bearing whatever upon the question of responsibility for the accident and the quantum of damages, if any be due to or by either party. The same may be said of any estimate of damages to plaintiff's car made by or for the insurer. The nature and extent of damages to a car involved in a collision are questions of fact which must be proven in court by testimony of persons competent to judge of such matters. Plaintiff alleged and proved that his car was so badly damaged from the impact that it could not be restored by repairs to its former good condition. He sought and was given advice by persons skilled in the repair of damaged cars. They advised him not to have it repaired, but to salvage as much as he could from the wreck and purchase a new car. He accepted this advice. After consider-

able effort to sell the wreck and examination of it by several prospective purchasers, $250 was the best offer made for it and this was accepted. The fact that a practically new car of this character is damaged so much that it will sell for such a small percentage of its former value, proves definitely that undertaking its repair would have been economically futile and unwise.

A trial on the merits resulted in a judgment for plaintiff for $631, being the amount of damages to his car. His other demand and those of defendants were rejected. Defendants have appealed. Plaintiff prays for an increase in the judgment in his favor to $881.

■■ There is no merit in the plea of estoppel. The insurer paid plaintiff $328 in full discharge of its liability to him under the policy contract. This payment by the insurer did not nearly cover in full the damages to the car. He signed no subrogation, but testified that the suit was being prosecuted for the joint benefit of himself and his insurer.

Defendants are not concerned with and have no right to inquire into the transactions between the insured and insurer terminating in a settlement between them. Whether the amount of such a settlement be great or small does not to any extent modify or affect the liability of the tortfeasor; and, notwithstanding such a settlement and the legal subrogation or equitable assignment superinduced thereby, the insured retains the right to sue for the full amount of damages involved, especially where, as is true in the present case, the amount of insurance paid does not equal the amount of damages sustained.

These legal principles are well fixed in the jurisprudence of this state and prevail in other jurisdictions. In point is Hanton v. N. O. & C. R. L. & P. Co., 124 La. 562, 50 So. 544, wherein, as reflected from the syllabus, it was held:

"Where the owner of property which has been destroyed by fire through another's negligence has been paid part of his losses by an insurer, who thereby becomes subrogated to the remedies of the assured, an action to recover from the wrongdoer the value of the property destroyed is properly brought in the name of the assured, and the insurer is not a necessary party to such action. The wrongful act is indivisible, and gives rise to but one cause of action."

The court in this case quoted approvingly from Southern Bell Telephone & Telegraph Company v. Watts, reported in 4 Cir. 66 F. 460, 13 C.C.A. 579, as follows:

"Where the owner of property which has been destroyed by fire through another's negligence has been paid a part of his loss by an insurer, who thereby becomes subrogated to the remedies of the assured, an action to recover from the wrongdoer the value of the property destroyed is properly brought in the name of the assured alone, and the insurer is neither a necessary nor a proper party to such action. * * *

"It is true that the payment by the insurer works an equitable assignment of the assured's claim against the wrongdoer; but the wrongful act is indivisible, and gives rise to but one cause of action. The insurer is subrogated only to the remedies of the assured, and the rule is well settled that the suit is properly brought in the name of the person whose property has been destroyed. If he recovers a sum which, with the amount he has received from the insurers, is more than his whole loss, the excess belongs to the insurers, and he receives it as trustee for them. The wrongdoer is bound to respond in damages for the whole loss to the owner of the property, and how the money recovered is to be distributed does not concern him."

See, also, Joseph P. Henican v. Woodman et al., 1 La.App. 281, and Chicago, St. L. & N. O. R. R. Co. v. Pullman Company, 139 U.S. 79, 11 S.Ct. 490, 35 L.Ed. 97; Huddy's Cyclopedia of Automobile Law, Vol. 13–14, page 239, § 199; Blashfield, Cyclopedia of Automobile Law, Vol. 6, §§ 4181 et seq.; 14 Ruling Case Law, §§ 573 et seq.

The testimony abundantly supports plaintiff's version of the facts of the collision. His car was almost wholly on his private driveway when, for causes the record does not entirely make clear, defendant's truck, moving at a speed of between 50 and 60 miles per hour, in violation of law, not only quit its side of the 18-foot concrete highway, but crossed entirely the left (south) side thereof, then traversed the road's shoulder and violently rammed the car. The impact was of such tremendous force that the car was knocked westerly 30 feet or more. Defendants' gross negligence is made the more apparent from the fact that their truck struck the car directly against the left forward door. If the collision had occurred because of plaintiff's negligence, as testified to by defendants, the locus thereof would have been on the highway and not on the shoulder, as established by the testimony.

It is not encumbent upon us to ferret out the underlying cause or causes which account for defendants' negligence. Suffice it to say that their fault alone caused the accident. However, it is apropos of the question to here say that T. C. Wyatt, a few minutes prior to the accident, was in an intoxicated condition and induced his nephew, Woodrow Wyatt, to get into the truck and drive it for him; that the vehicle's brakes were wholly inadequate to control or quickly reduce its speed when traveling rapidly; that its horn would not sound. It is also shown that immediately prior to the impact, when the truck was moving rapidly to the locus of the accident, T. C. Wyatt was lolling over the boy at the wheel. To all these facts, or to one or more of them, the accident may safely be accredited.

Plaintiff purchased the car on June 19, 1937. He had owned and operated it exactly 78 days to the time of the accident. Its cash value when purchased was $881. Proper care had been exercised in breaking it in. It had been driven only 2,838 miles. To plaintiff it was worth when destroyed as much or more than when he purchased it, but its market value had depreciated some, possibly $50. However, it appears that the sale price of such a car had advanced about this much in the meantime. The trial judge reached the conclusion that the car at the date of accident was worth $881 and gave judgment for this amount less the $250 the wreck sold for. There is no manifest error in his conclusions in this respect.

Notwithstanding the violence of the impact between the cars, strange to say no one was seriously injured. Plaintiff was at the steering wheel and was jolted considerably. A blue spot, the result of a lick, developed on the left arm and a streak of like color traversed the arm. The arm developed nervousness and jerked intermittently. It was sore for a while. A small knot rose on the side of his head and he suffered from headaches. It does not appear that plaintiff consulted a physician for his injuries. The lower court allowed him nothing therefor.

We think $150 a fair award for the shock, pain and injury plaintiff experienced.

88

Therefore, for the reasons herein assigned, the judgment appealed from is amended by increasing the amount thereof to seven hundred eighty-one ($781) dollars, and as thus amended, it is affirmed with costs.