In our original judgment in this case, we rejected plaintiff's claim for the value of an automobile destroyed in a collision, the facts of which were covered in the case of Clemens v. Southern Advance Bag Paper Company, Inc., et al., No. 6766 on the docket of this Court, 20 So.2d 749, with which this case had been consolidated for trial.
We stated in support of our holding that the plaintiff had been paid in full by her insurer for her equity in the car, and that she was without any right of action to recover the value of the automobile, having subrogated her rights in favor of her insurer.
Application for rehearing was filed on behalf of plaintiff, calling our attention to the fact that we had erred once on a matter of fact and once on a matter of law. Since our very brief opinion, as referred to, comprehended only one matter of fact and one matter of law, and, since, as gracefully as may be, we admit our errors on both scores, we modestly, but without pride, claim a perfect record.
As a matter of fact, plaintiff was not paid in full for the value of the car, since her policy of insurance was of that character customarily deemed a "Fifty Dollar deductible" policy. The value of the car was fixed at $525 and the insurer paid the sum of $475 under the provisions of the policy, leaving to plaintiff the necessity of assuming the loss of $50. The wrecked car was subsequently disposed of by the insurer for a salvage price of $125, out of which amount towing charges of $20 were paid, leaving a net sum of $105 received by the insurer as an offset against the payment of $475.
These facts show that the insurer suffered a net loss of $370, and that plaintiff, owner of the car, absorbed a loss of $50, making a total loss to both insurer and insured of $420.
[1] On the question of the right of action of plaintiff, this Court has heretofore explicitly held in Ayres v. Wyatt, 185 So. 84, 86:
"Defendants are not concerned with and have no right to inquire into the transactions between the insured and insurer terminating in a settlement between them. Whether the amount of such a settlement be great or small does not to any extent modify or affect the liability of the tort-feasor; and, notwithstanding such a settlement and the legal subrogation or equitable assignment superinduced thereby, the insured retains the right to sue for the full amount of damages involved, especially where, as is true in the present case, the amount of insurance paid does not equal the amount of damages sustained."
It is true that in the Ayres case the insured had executed no written subrogation, while in the case before us the evidence showed the insured to have given a subrogation to her insurer to the extent of the amount which she received. Nonetheless, the principle applicable remains the same and unquestionably plaintiff was entitled to recover to the full extent of the loss suffered, whether the burden of such loss fell upon insurer, insured, or both.
While it is true that the points upon which we fell into error in this case were not stressed, practically all of the attention of plaintiff's counsel having been given to a discussion of the voluminous record of evidence as to the facts of the case, we cannot regard this as being a valid excuse for our mistake. The wisdom of our procedure with reference to rehearings is amply demonstrated in this instance.
[2] Ordinarily, we might reserve to defendant the right to apply for a second rehearing in a case of this character, but, in view of the fact that defendants have not appeared on rehearing, either through oral argument or by filing brief, we assume that their counsel has no intention of offering opposition to the correction of our original judgment, and, for this reason, there will be no reservation of any right to further rehearing.
Accordingly, our decree on original hearing of this appeal is now recalled and set aside; the judgment of the district Court is reversed and set aside, and there is now judgment in favor of plaintiff, Miss Martha Clemens, and against the defendants, Southern Advance Bag Paper Company, Inc., and Glen Padgett, in solido, in the full sum of $420, with legal interest thereon from date of judicial demand until paid, and for all costs. *Page 70