Plaintiff, The Automobile Insurance Company of Hartford, Conn., and Mrs. Reed, owner of an automobile insured by her co-plaintiff, to whom she had executed a subrogation for the amount of damage claimed less $50.00, under a deductible, clause, sued Percy Barnard for damages to Mrs. Reed's automobile allegedly caused by negligent driving of a vehicle owned by Barnard and operated by one Routon, who was alleged to have been, at the time, an employee of Barnard and on the business of his employer.
Defendant filed exceptions of no cause or right of action and a plea for oyer. Subsequently, plaintiffs filed a supplemental petition covering the points raised by these filings. Defendant answered, admitting ownership of the automobile involved in the collision with that of Mrs. Reed but set forth that Routon, the driver, was operating the automobile at the time without the defendant's consent or knowledge and contrary to his instructions. Defendant further denied that Routon was negligent and, in the alternative, pleaded contributory negligence of Mrs. Reed, and finally asked, as plaintiff in reconvention, for judgment for $42.88 damages to his own car. Defendant has appealed from a judgment of the district court in favor of plaintiffs and rejecting his reconventional demand.
[1] Mrs. Reed's testimony that the accident was the result of Routon's driving on his left side of the road is verified by that of the State trooper who came to the scene of the accident and observed the general situation including the markings made by Mrs. Reed's tires when the brakes were applied and when her car was pushed sideways in the collision. The markings observed *Page 143 
by this officer placed her left front wheel three or four feet on her right side of the center line at the time of the impact. The trial court, in its opinion, stated that the evidence proved beyond doubt that Mrs. Reed was free from fault and that the collision was caused solely by the gross negligence of defendant's driver. After our study of the testimony, we come to the same conclusion.
This leaves as the remaining defense, the question of whether or not Routon was at the time of the collision in defendant's employ and was then engaged in his employer's business.
[2] Defendant's answer specifically denied that Routon was employed by him either at the time of the accident or prior to the accident. At the trial, the evidence established conclusively that Routon was employed by defendant. Defendant admitted that he received $8.00 the morning following the accident as the portion of the earnings of the previous day, due him as owner of the cab. He testified that he had specifically instructed Routon to return the automobile to the hotel where both he and Routon lived and that Routon's action in taking the night trip out of town (in the course of which the accident occurred) was without his authority and against his instructions and rules for his drivers. Routon, the driver, denied that this order to return the car had been given and testified that, at the time of the accident, he was on a trip which was being paid for by one Cobb, a passenger in the automobile. The passenger Cobb testified that he employed the cab driver to make the trip. While the testimony on this point is conflicting, we find ample support for the finding of the trial judge that the driver was in the course of his employment at the time of the collision.
[3] Defendant contends that the failure of the plaintiff insurance company to introduce the policy of insurance in evidence should defeat its recovery under the subrogation. The plaintiff company paid the motor company which repaired Mrs. Reed's car the amount of $294.26, based on its total bill of $344.26, less $50.00 which was to be paid by Mrs. Reed under the $50.00 deductible clause. Plaintiff, The Automobile Insurance Company of Hartford, Conn., introduced in evidence a receipt for the money paid to Mrs. Reed in settlement of her policy claim, signed by Mrs. Reed, in which it was subrogated to all of her rights, growing out of the accident, to the extent of the $294.26, paid to her by this company. This was a valid assignment of that portion of her claim and supports the judgment rendered in favor of the plaintiff company for that amount. It developed in the final settlement that the motor company allowed Mrs. Reed a discount Of $22.62. The evidence supports the judgment in favor of Mrs. Reed for the remaining $27.38, which was the amount paid to repair her car over and above the sum of $294.26 for which she had subrogated her rights to the plaintiff company.
Judgment affirmed, with costs.