LOTTINGER, Judge.
The plaintiffs in this action seek to recover damages suffered by them as a result of an automobile accident which occurred in the Parish of Calcasieu on February 14, 1949. The Resolute Fire Insurance Company appears as collision insurer and subrogee of Mack H. Fairburn and seeks the sum of $89.90, which amount it paid Fairburn for damages resulting to his Car from the accident. Fairburn seeks the recovery of $50, being ,the amount paid by him under the deductible clause of the policy.
*144 It is alleged in the petition that Fair-burn at about noon on the day of the accident drove his car off U. S. Highway 90 into the driveway of an establishment known ■ as the Hi-Life Club, turned his car around, and parked in the driveway facing the highway some 15 or 20 feet from the ■ edge ,of the pavement. The accident is alleged to have occurred some few minutes later after plaintiff had left his car and reached the door of the Club, when defendant’s car, which was proceeding at a rapid rate, left the highway, hit a mailbox, and then collided with plaintiff’s automobile. The defendant is charged with negligence in driving at an excessive 'speed, failing to note what was ahead of him after leaving the highway, and in failing to drive around petitioner’s car when there was ample space in which to do so.
The defendant filed a prayer for oyer in which he sought the production of the insurance policy and articles of subrogation. The matter was argued and in response to the ruling of the court these documents were filed by the plaintiffs. The defendant then answered, denying that Fairbum’s car was 15 or 20 feet from the highway as he had alleged, and averring that it was parked at a 45 degree angle 'facing west only 5 or 6 feet from the highway. Further answering the defendant alleged that he had been proceeding not in excess of 35 miles per hour and that he did not leave the highway of his own accord, but rather was dragged from the road when a strange automobile, which passed him and turned back too sharply, caught his vehicle by the bumper and dragged it off the highway some 5 or 6 feet and into the parked car belonging to Fairbum. Negligence is charged against Fairburn in parking too close to the highway and by way of recon-ventional demand the defendant seeks to recover the sum of $50, representing the amount paid by him under the deductible clause of his insurance policy. The case comes to this court on an appeal taken by the defendant from a judgment of the trial court which was in favor of the plaintiffs as prayed for and which rejected the re-conventional demand.
■The following set of facts are not disputed and give some idea as to the situs of the accident: In this vicinity U. S. Highway 90 runs east and west and the Club where Fairburn stopped is situated on the south side of the road. Fairbum, who had come from the direction of Lake Charles, or east, turned into the shell driveway of the Club, and after turning around, parked at an angle facing in a north-westerly direction. The defendant had been proceeding east, and the damage was caused to the front end of Fairburn’s car. According to Fairburn, the Club is some 35 feet from the highway, while according ■ to a Mr. Wigley, Who testified for the defendant and who claims to have measured it, the distance is 50 feet. According to this latter witness the driveway in question is 85 feet Wide and on approximately the same level as the highway. As stated before the accident occurred at about noon. The weather was clear and dry and visibility good.
Fairburn’s automobile, according to his testimony, was parked some 12 to 15 feet from the highway, while according to the defendant, the car was 8 to 10 feet from the highway. Accepting the smallest distance of 8 feet as being correct, we are unable to' say that in view of the surrounding circumstances in the case this amounts to negligence on the part of the plaintiff as contended by the defendant. We are referred to no other acts of negligence on the part of the plaintiff and therefore proceed to the question of negligence, if any on the part of the defendant.
As stated before, the defendant contends that shortly before the accident his car was caught by a car driven by an unknown person and dragged some 85 yards into Fairburn’s car. He stated further that the license plate ■ of this car was obscured by mud and .that he could see only part of the number. After the accident he says he spoke to Fairburn and his wife and then went in to Lake Charles, which was some five miles away, to try to find the man who had run into him. He also stated that he contacted the State Police who tried to locate the car, but as he was only able to furnish them with four numbers from the *145 license plate, neither: the-car nor driver was ever found.
The defendant was alone in his Car at the time of the accident. A Mr. A. E. Wig-ley testified in his behalf concerning certain distances at the site of the accident, but as he was not present at the time of the collision, he was unable to testify regarding the car which defendant claims dragged him. The only other witness who testified on behalf of the defendant was Trooper Varise Fontenot of t'he State Police. He stated that the defendant located him in Sulphur at the Police Station there and that he checked on the license number given him and found it to be the wrong number. He then returned to the scene of the accident and made an accident report, which he stated, was based on information given‘him by the defendant. The most favorable testimony offered by this witness insofar as the defendant is concerned was concerning the condition of defendant’s car. In this connection Trooper Fontenot did state that he found damage to defendant’s left front fender. This testimony appears to be of little value, however, for on cross examination he stated he was relying on the defendant when he said he knew this damage was caused by another car striking and dragging the car of defendant.
Fairbum’s version of the accident is that as he was about to enter the Club he heard a noise, turned and saw defendant’s car hit a mailbox and continue on, finally colliding with his car. ■ He states also that there were no other cars parked in front of the Club or in the vicinity and that when he saw defendant’s car hit his there was no car pulling or dragging defendant’s car. After the accident he spoke to defendant, who, he says told him he was going to try to find the Car that ran into him and then return, but that defendant did not come back while he was there.
The only other persons who were in the vicinity at the time of the accident were Mrs. Fairburn and a Miss Emily Christian, an employee of the Club, both of whom were in. the Club and neither of whom saw the accident. The only posi-tive testimony in the record, therefore, is that of the litigants; ■ which is in hopeless conflict. The trial judge ruled in favor of the plaintiff and we are unable to find manifest error in his findings. We are inclined to believe as did the lower court, that the defendant has failed to prove his affirmative defense. The defense ■ in this case is an affirmative one and from the scant and conflicting evidence we are unable to sa,y that it was established with that degree of certainty which the law requires. There seems to be no dispute as to the correctness of the amount claimed by the plaintiffs and ‘hence the judgment of the lower court will not be changed in that respect.
A rehearing was sought by defendant on the ground of newly discovered evidence. The case was reopened and the testimony and report of Trooper Fontenot was' admitted. Counsel for defendant then filed an exception of no cause or right of action. This was overruled and the previous judgment was reinstated. As pointed out above, neither the testimony nor the report of Trooper Fontenot is of much weight in determining the case and the only question remaining concerns that of the exception.
The exception of no cause or right of action is leveled at the right of the Resolute Fire Insurance Company to proceed by direct action against the defendant. Counsel cites in support thereof World Fire & Marine Insurance Co. v. American Automobile Insurance Co., La.App., 42 So.2d 565. A reading of the cited case reveals that the 'court held therein that an insurer, or subrogee of the injured insured, could not maintain a direct action against the insurer of the owner of the other vehicle involved in the accident under Act 55 of 1930. The inapplicability of that authority here is, of course, obvious as here .the sub-rogee is proceeding against the owner of the other vehicle.
For the reasons assigned the judgment appealed from is affirmed. ,
Judgment affirmed.