HARDY, Judge.
This suit was filed by the plaintiff, Marvin W. Carlson, against the defendant, Frank E. Eckert, Jr., seeking recovery of the sum of $384.08 allegedly representing the amount of damages sustained by plaintiff’s automobile as the result of a collision with an automobile owned by the defendant.
The accident occurred October 2, 1950. Shortly thereafter plaintiff, Carlson, was paid the sum of $334.08 by his collision insurer, Hardware Mutual Casualty Company, in whose favor he executed a subrogation. On January 13, 1951 plaintiff, Carlson, acknowledging receipt of the sum of $100, executed a full release in favor of defendant, Eckert, and his liability insurer, Continental Casualty Company, which written release, however, contained the following specific limitation:
“This release does not apply to the rights of Hardware Mutual Insurance Company, collision carrier for the undersigned.”
Plaintiff’s petition was filed September 19, 1951 and citation issued to the defendant, Eckert, on the same date, which citation was returned October 10, 1951 with the notation that the whereabouts of Ec-kert were unknown.
On date of July 27, 1953 plaintiff, Carlson, filed a supplemental and amended petition alleging Continental Casualty Company to have been the liability insurer of defendant, Eckert, at the time of the accident, joining said company as a party defendant and praying for judgment in solido against Eckert and his said named insurer.
On date of September 14, 1953 Carlson and Hardware Mutual Casualty Company filed a supplemental and amended petition alleging payment to Carlson by the said Casualty Company of the sum of $334.08, the execution of the subrogation by Carlson, and praying, alternatively, either the continuance of the suit in the name of Carlson for *639 the recovery of the full amount of damages or joinder of Hardware Mutual as a party plaintiff, or its substitution as plaintiff in lieu of Carlson to the extent of its interest in the sum of $334.08.
On September 15, 1953 Eckert and the Continental Casualty Company filed a plea of res judicata based upon the payment to and release by Carlson.
On October 10, 1953 both defendants filed an exception of no cause or right of action and a plea of prescription against the claim of Hardware Mutual Casualty Company.
There was judgment below sustaining the plea of prescription and the exception to the claims of Hardware Mutual, further sustaining the plea of res judicata as against the claim of Carlson, and dismissing plaintiff’s suit. From this judgment plaintiffs have appealed.
Before this court there appears to be little, if any, disagreement as between counsel for the parties litigant with respect to the correctness of that part of the judgment sustaining the plea of res judicata as against the claim of plaintiff, Carlson. Certainly it does not appear that there is any ground whatsoever for complaint as to this ruling, inasmuch as the release executed by Carlson effectively disposed of any personal claim which he might have, and it follows that the judgment in this respect is eminently correct.
The issue presented is somewhat complicated, but generally stated it involves the determination of the right of an insurer to join its insured, who has made settlement of his claim, free from the bar of prescription which had accrued prior to the joinder. Counsel for appellants urge the proposition that an insured, notwithstanding the fact that he has received payment of loss from his insurer, has a right of action in his own name against a tort-feasor, to which action the insurer is not a necessary party; citing Ayres v. Wyatt, La.App., 185 So. 84; Dupuy v. Craeme Spring & Brake Service, Inc., La.App., 19 So.2d 657; Clemens v. Southern Advance Bag & Paper Co., La. App., 22 So.2d 68; Carter v. LeBlanc Lumber Co., La.App., 37 So.2d 471; and Emmco Ins. Co. v. Erickson, La.App., 63 So.2d 747.
We freely concede the validity of this contention and have not the slightest difference of opinion with the holding to such effect as evidenced in the cases cited. However, we point out the fact that in none of these cases had there been a payment to and release by the plaintiff assured. The settlement which was effected in this case completely satisfied all rights and claims of the plaintiff, Carlson, as against these defendants, or either of them. But it is urged on behalf of plaintiffs that at the time of filing of this suit the jurisprudence of this State was to the effect that an insurer had no right of direct action against the insurer of a tort-feasor; World Fire & Marine Ins. Co. v. American Automobile Ins. Co., La.App., 42 So.2d 565; Taylor v. Fidelity & Casualty Co. of New York, La.App., 55 So.2d 307. It is quite true that this jurisprudential holding was in effect at the time of the institution of this suit, although this principle was subsequently squarely overruled by the Supreme Court in Home Ins. Co. v. Highway Ins. Underwriters, 222 La. 540, 62 So.2d 828.
But, as pointed out by counsel for defendants, there was no prohibition at the time of the institution of this suit against an action which could have been brought by Hardware Mutual, as subrogee, against Eckert, nor are we informed of any reason why suit by Hardware Mutual should not have been maintained against both Ec-kert and Continental Casualty Company as. parties defendant.
In the instant case we are confronted with the effect of a partial subrogation made with the knowledge and consent of the obligors. This point was considered' before our brethren of the Orleans Court in Marmol v. Wright, La.App., 62 So.2d 528, 530, and was disposed by the following conclusion:
“We think it is equally clear that, where a partial assignment is attempted *640 and the debtor assents to such partial assignment, the original creditor may no longer sue for the entire amount of the original claim, and the debtor may not object to the fact that two suits may result from the division of the debt into two parts.”
Under this interpretation it follows in the instant case that the partial assignment by means of subrogation deprived Carlson of the right to sue for the entire amount of the claim. If this be true, then at the time of filing suit the plaintiff, Carlson, had no right of action whatsoever because he had accepted from defendants a payment which made him whole as to his loss and, in consideration of which payment, he had unequivocally released defendants from any liability to him personally.
,It appears clear, therefore, that when Carlson filed suit he had no claim, for the original claim which he possessed had been divided by his subrogation assignment and the only live right of action subsisted in Hardware Mutual as Carlson’s insurer and subrogee. This right could have been asserted, as we have above noted, in a suit by Hardware Mutual against Eckert or against both Eckert and his insurer.
We have given careful consideration to the argument of counsel for appellants predicated upon National Retailers Mutual Insurance Company v. American Fidelity Casualty Co., La.App., 51 So.2d 842, in which case this court overruled a plea of prescription under facts which, as observed by counsel, were “very similar to the facts presented in the present case.” However, there is one important, indeed essential, difference in facts which we think eliminates the acceptance of this case as authority. In National Retailers case the court permitted the substitution of the assured, as plaintiff, in place of the insurer which had instituted the suit, which substitution was accomplished by a supplemental petition filed more than a year following the accident. But there had been no settlement of the claim of the assured.
To sum up, we have here under consideration a case in which a claim for damages has been divided as the result of a subrogation executed by an insured in favor of his insurer, following which action the insured, for a consideration, has executed a release of his claim against the tort-fea-sor and his insurer. It is evident that the only right of action which survived was in the insurer subrogee, and its failure to assert this right before the tolling of prescription cannot be remedied by the asserted interruption of prescription by means of an action instituted by the insured sub-rogor whose claim had been discharged by settlement.
For the reasons set forth the judgment from which appealed is affirmed at appellant’s cost.