GLADNEY, Judge.
This action was instituted by George E. Martinez for the recovery of property damages allegedly occasioned by the act of defendant, J. H. Hunt, on October 23, 1949, in driving a school bus into a store operated by plaintiff in the Town of Zwolle, Louisiana. By the entry of a remittitur the amount originally claimed by the petitioner was reduced to the sum of $415.82. The defendant answered and thereafter filed an exception styled as an exception of no cause and no right of action. After trial of the exception and denial of an application for a rehearing, judgment was signed on June 30, 1955, sustaining the exception and dismissing plaintiff’s suit. The record of appeal was filed in this court on July 6, 1956. Appellee has filed a motion to dismiss the appeal.
We first consider the merits of the motion to dismiss the appeal which is predicated on several grounds. The first point urged is that the appeal record was not timely filed; that an order for a devolu-tive appeal was obtained by plaintiff on June 30, 1955, and made returnable on or before August 22, 1955, yet the record was not returned in said period, and was actually filed July 6, 1956. An examination of the record discloses that orders of appeal returnable on August 22, 1955 were, in fact, entered in the minutes of the court, but such orders of appeal were not perfected by the filing of an appeal bond. The failure to so perfect the appeal left the jurisdiction of the trial court unaffected by the orders so taken and it was proper for plaintiff to again petition for orders of appeal within the year after the signing of the judgment. This was done, the court directing the record of such appeal be made returnable in this court on July 22, 1956. The record was filed in this court on July 6, 1956, and therefore, prior to the return date. We find that the record was timely lodged in this court.
Secondly, it is urged the appeal should be dismissed as not containing the transcript and other filings in the case. We note in passing that the failure to include these documents in the record was an error which cannot be attributed to appellant, but be that as it may, prior to the hearing in this court the record was properly supplemented to include the missing documents. The point urged is without merit.
Finally, the complaint is made that citation of appeal was not served upon the defendant. An examination of the return of service on the citation of appeal shows that in fact service was made upon the attorney of record for the appellee. Mover’s position is that Article 582 of the Code of Practice provides:
“The sheriff shall serve the citation of appeal on the appellee, if he reside in the State, and on his advocate if he do not, and in default of advocate, on a curator ad hoc, to be appointed by the court for said purpose, by delivering a copy of the same to such appellee, or to his advocate, or to such curator ad hoc, or by leaving it at the place of his usual domicil. (As amended, Acts 1878, No. 78.)”
In support of the contention so made there is found in the record an affidavit of defendant that he was present *786 and residing in the State at the time the citation of appeal was served upon his attorney. The effect of Code of Practice Article 582 has been modified by Act No. 120 of 1938, LSA-R.S. 13:3471(15), and consequently service of citation of appeal may be made upon an attorney of record, irrespective of the presence of the appellee in the State. It is so held in Wiltz v. Home Building and Loan Association, La.App. 1945, 24 So.2d 204. For these reasons we hold the motion to dismiss is not well founded and is denied.
The exception sustained by the trial court charges plaintiff is without interest to bring this action. In proceedings had in the trial court the defense so urged presented an exception of no right of action and not an exception of no cause of action. Supporting the exception was an affidavit signed by the plaintiff, stating he had been paid by his insurance company for all of the damages to his property and that any recovery therefor must be between the defendant and his insurance company. The petition is in the name of George E. Martinez only and does not set forth that the action so brought is in fact on behalf of the insurers who paid plaintiff for the damages sustained as a result of the acts of the defendant. On trial of the exception, plaintiff offered and filed in evidence without objection, articles of subrogation in favor of the Fidelity-Phenix Fire Insurance Company and American Insurance Company, which documents established the insurers paid to Martinez the sum of $415.82, each of said insurers paying one-half of said amount. The aforesaid acts of subrogation expressly authorized and empowered the subrogees therein named to sue “in its own name or otherwise” as to any rights thereby conveyed.
Appellee’s argument is in effect that it was incumbent upon plaintiff to disclose his interest in bringing the suit and that forasmuch as his damages had been paid by his insurers, he should have alleged the suit was instituted in his name for the use and benefit of his subrogees. The contention is not sound. A tort feasor is without right to question relations between plaintiff and his insurer which could in no wise relieve him of liability for acts of negligence.
In Ayres v. Wyatt, La.App.1938, 185 So. 84, 87, this court declared:
“ ‘The rule is well settled that the suit is properly brought in the name of the person whose property has been destroyed. If he recovers a sum which, with the amount he has received from the insurers, is more than his whole loss, the excess belongs to the insurers, and he receives it as trustee for them. The wrongdoer is bound to respond in damages for the whole loss to the owner of the property, and how the money recovered is to be distributed does not concern him.’ ”
See also Moncrieff v. Lacobie, La.App. 1956, 89 So.2d 471.
We conclude, therefore, that the judgment from which appealed was in error in sustaining the “exceptions of no cause and no right of action.”
For the foregoing reasons the judgment from which appealed is annulled, set aside and reversed, and this case is now remanded for further proceedings not inconsistent with the views herein set forth. Appellee is cast with costs of this appeal; other costs to await a final determination of the suit.