ELLIS, Judge.
This suit arose out of an automobile accident which occurred in Calcasieu Parish on Plighway 90 on May 8, 1958 between a car driven by the defendant, Roy J. Benoit, Jr., and one driven by James M. Mahaffey, son of Amos Mahaffey. James Mahaffey at the time of the accident was a minor but had reached the age of majority before the trial. James Mahaffey sued for personal injuries and incidental expenses and Amos Mahaffey, his father, sued for damages to his automobile and medical and hospital expenses incurred by him upon behalf of his minor son. The defendant filed an *163 answer and an exception of no right and no cause of action directed at only a part of the claim. The exception was referred to the merits and after trial was overruled and judgment rendered against the defendant, who has appealed.
On the Exception
The automobile, owned by Amos Mahaffey and being driven by his son, was damaged beyond repair in the accident. It was stipulated there was a net loss of $910.-50 resulting from the total destruction of the automobile. At the time of the accident there was in effect a collision insurance policy with a $50 deductible clause covering the Mahaffey vehicle which was issued by Service Fire Insurance Co. This company paid Amos Mahaffey $860.50. Mahaffey then executed a subrogation agreement assigning to Service Fire Insurance Company the portion of his claim which it paid. In this suit for this item Amos Mahaffey claims $910.50. The Insurance Company did not join in the suit and the defendant contends that since Amos Mahaffey had been paid a part of the loss sustained by him and had assigned this portion of his claim to the Insurance Company he cannot now claim that portion of the damages which had been assigned. This is the basis of the exception, the defendant maintaining that since notice was given the defendant of the subrogation and assignment, the Insurance Company became the owner of the claim and Mahaffey was divested of his title to this claim. The plaintiff contends he has the legal right to claim the entire amount of damages to his automobile whether or not any payments were made to him by the Insurance Company and that the subrogation or assignment of a portion of his claim to the Company does not preclude him from suing for the entire loss.
From the evidence it appears the sub-rogation agreement was executed on May 20, 1958 and a few days thereafter the Insurance Company wrote to the defendant demanding payment of the amount paid by it, stating an assignment had been made by Mahaffey. On September 29, 1958 the attorney for the plaintiffs herein wrote the defendant demanding, on behalf of Service Fire Insurance Co., payment of the damages to the automobile and further advising a subrogation had been made. To these demands the defendant made no response and the trial court concluded there was nothing in the evidence to indicate the defendant expressly consented to the assignment. Neither do we find anything in the evidence to show any expressed consent upon the part of the defendant, but find merely that the defendant did nothing to indicate his consent or refusal to the assignment.
The lower court in overruling the exception, with well considered written reasons, said:
“The jurisprudence of this State has been established to the effect that an insured, notwithstanding the fact that he has received payment of loss from his insurer and has assigned a portion of the claim to that insurer, has a right of action in his own name against a tort feasor, to which action the insurer is not a necessary party. Ayres v. Wyatt [La.App.], 185 So. 84; Franz v. N. O. Coffee Co., Ltd., 8 La.App. 445; Hanton v. New Orleans and C. R. Light and Power Co., 124 La. 562, 50 So. 544; Carlson v. Eckert [La.App.], 73 So.2d 638; Marmol v. Wright [La.App.], 62 So.2d 528; Martinez v. Hunt [La.App.], 92 So.2d 784.
“In Ayres v. Wyatt, supra, the Court of Appeal, Second Circuit, said:
“ ‘The rule is well settled that the suit is properly brought in the name of the person whose property has been destroyed. If he recovers a sum which, with the amount he has received from the insurers, is more than his whole loss, the excess belongs to the insurers, and he receives it as trustee for them. The wrongdoer is *164 bound to respond in damages for the whole loss to the owner of the property, and how the money, recovered is to be distributed does not concern him.’
“Also in Moncrieff v. Lacobie, supra [La.App., 89 So.2d 471], the Court of Appeal, First Circuit, said:
“ ‘ * * * However] the insurer is not a necessary party in an action by its insured against a third party tortfeasor, and a recovery by the insured of the entire damage sustained will be upheld, even though the insurer has paid and has thereby become subrogated to part of the aforesaid damages, Hanton v. New Orleans & C. R. Light & Power Co., 124 La. 562, 50 So. 544; Franz v. N. O. Coffee Co., Ltd., 8 La.App. 445; Ayres v. Wyatt, La.App., 185 So. 84.’ ”
In Marmol v. Wright, La.App., 62 So.2d 528, 530, we find practically the same question presented- as is found here. We quote from the opinion therein:
“In the first place, it is interesting to note that the repairs to the Marmol car cost $332.55 and that of this amount Mar-mol himself paid only $100.00 He insists, however, that he should be permitted to recover the entire amount, in spite of the fact that he executed a subrogation in favor of his insurer up to the amount paid by it, $232.55, and that notice of that sub-rogation was given to Wright and demand was made on Wright by the subrogee, Mar-mol’s insurer.
“When Wright received the notice of subrogation and the demand of the attorneys for the subrogee, he made no protest against the fact that part of the original claim had been assigned to Marmol’s insur- . er, nor did he consent to that partial assignment and yet, in the case which is now before us, he objects to the inclusion by Marmol of that part of his claim which Marmol had assigned to his insurer. This fact, that Wright, when he received notice of the assignment and received demand by the assignee, neither agreed to the partial assignment nor protested against it, raises an interesting question.
“There can be no doubt that a debtor may refuse to recognize the assignment of a part of the debt. Stein v. Williams Lumber Co., La.App. 36 So.2d 62; King v. Havard, 5 Mart., N.S., 193; Cantrelle v. Le Goaster, 3 Rob. 432; Miller v. Brigot, 8 La. 533; Le Blanc v. Parish of East Baton Rouge, 10 Rob. 25.
“We think it is equally clear that, where a partial assignment is attempted and the debtor assents to such partial assignment, the original creditor may no longer sue for the entire amount of the original claim, and the debtor may not object to the fact that two suits may result from the division of the debt into two parts.
“The interesting question which is before us arises whenever the debtor, notified of the partial assignment, does nothing to indicate his consent or his refusal to consent to such assignment. In what position does this place the original creditor and the assignee of the original creditor? As between them, the creditor and the as-signee, the assignment is valid and binding whatever position the debtor may take when suit is brought against him.
“In several of the cases cited above, notably Miller v. Brigot and Le Blanc v. Parish of East Baton Rouge, it was said that a partial assignment is not binding on the debtor unless there has been an express consent to such partial transfer of the debt. If this be true, then it necessarily follows that where the debtor is notified of a partial assignment and makes no objection thereto, but does nothing which could be construed as an express agreement to the partial assignment, the partial assignment as against him is not effective, and he, the debtor, when sued for the entire debt by the original claimant, may not in that suit interpose the objection that a part of the claim no longer belongs to the original claimant. Stated slightly differently, if such a debtor is notified of such partial assignment and takes no position one way *165 or the other, it must be assumed that he has not expressly agreed to the division of his obligation and that, therefore, in a subsequent suit by the original debtor for the entire amount, he cannot be heard to object and that it will be assumed, as it was in Hanton v. New Orleans & C. R. Light & Power Co., 124 La. 562, 50 So. 544, that the original creditor is presenting not only his own claim for his own account, but also the claim of the assignee for that part which was assigned.
“It may follow that where there is a partial assignment and the debtor has done nothing to indicate his position, the original creditor and his assignee may be in a predicament as to whether there should be two suits or only one, but they can settle that difficulty in advance by an agreement that if the debtor fails to expressly agree to the partial assignment, the original creditor must bring the necessary suit on behalf of both himself and his assignee.
“Our conclusion is that, since Wright did not expressly consent to the assignment of a part of the original claim, he cannot object to the fact that Marmol in this suit has sued for the entire amount of the original claim.”
The defendant, in support of his position, relies upon Carlson v. Eckert, La.App., 73 So.2d 638. That case specifically recognized well established jurisprudence that an insured, notwithstanding the fact that he has received payment of loss from his insurer, has a right of action against a defendant tort-feasor. However, there the defendant had made a payment to and obtained a release from the insured. It was for that reason that the court held the facts could be distinguished from other cases since a payment had been made and a release given to the defendant. In the present case no such payment was made and no release was given to the defendant.
We conclude that the lower court was correct in overruling the exception.