276 So.2d 405 (1973)
Myrtle A. HUGHES, Plaintiff-Appellant,
v.
Alta M. WHITTEN et al., Defendants-Appellees.
No. 12061.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1973.
Gamm, Greenberg & Kaplan by Jack H. Kaplan, Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley by Richard H. Switzer, Shreveport, for defendants-appellees.
Before AYRES, PRICE and HALL, JJ.
HALL, Judge.
This automobile accident case arises out of a collision between a left-turning motorist and a passing motorist at an intersection in Shreveport. Plaintiff was proceeding northerly on Portland Avenue and attempted a left turn into West College Street. Defendant was proceeding northerly on Portland and attempted to pass plaintiff's vehicle at the intersection. The two vehicles collided in the southbound lane of Portland, the right front of defendant's vehicle striking the left front side of plaintiff's vehicle.
The only witnesses to the accident were the two drivers. Plaintiff testified she put on her left-turn blinker light about 150 feet from the intersection, slowed down, looked in her inside rear view mirror and saw no cars behind her, commenced her *406 left turn, and as she was turning saw defendant's passing vehicle just prior to impact. Defendant testified she was following plaintiff's vehicle, noticed plaintiff slowing down but saw no left-turn signal, started passing plaintiff who suddenly made a left turn in front of her, and in spite of swerving to the left she was unable to avoid the collision.
The case was tried before Judge Eugene B. Middleton who died prior to rendering a decision. His successor, Judge James E. Clark, found defendant negligent in attempting to pass at an intersection, regardless of whether plaintiff had given a left-turn signal. He further found plaintiff contributorily negligent in failing to observe defendant passing her prior to commencing her left turn. From a judgment rejecting her demands for damages, plaintiff appealed.
We affirm the judgment of the district court. Both drivers were guilty of negligence contributing to the accident. Plaintiff is, therefore, barred from recovering by reason of her contributory negligence.
Defendant was negligent in attempting to pass plaintiff's slow-moving vehicle at an intersection, regardless of whether plaintiff had activated her left-turn signal. R.S. 32:76, subd. A(2); Sec. 35-32C(2), Ordinances of City of Shreveport; Spell v. Travelers Insurance Company, 232 So.2d 133 (La.App.3d Cir. 1970).
Plaintiff was negligent in failing to observe defendant who had already commenced the passing maneuver prior to plaintiff beginning her left turn. Plaintiff's own testimony is to the effect that defendant was passing and in the "blind spot" when plaintiff looked in her inside rear view mirror and failed to see her. The physical evidence bears this out as the collision occurred when plaintiff's car had only traveled a very few feet after beginning its left turn. Plaintiff did not look in her outside rear view mirror, nor did she look back over her left shoulder. Plaintiff was not entitled to rely on the assumption that the following driver will obey the law and not pass at an intersection, where prior to beginning the left turn she could have and should have seen defendant already engaged in the passing maneuver. She is held to have seen what she should have seen. R.S. 32:101, 104; Waters v. Pharr Bros., Inc., 228 So.2d 91 (La.App.2d Cir. 1969).
Plaintiff argues last clear chance. The evidence is that defendant had no opportunity to avoid the accident after plaintiff began the left turn. Last clear chance does not apply here.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.