LANDRY, Judge.
Plaintiffs (Appellants), father and daughter, appeal from judgment dismissing their claims for personal injuries and property losses resulting from a left turn automobile accident. The mishap involved an Oldsmobile owned by the father and being driven by the daughter, which vehicle was struck by a Ford owned by General Electric Company (G.E.), insured by Electric Mutual Insurance Company (Electric), and being driven by G.E.’s employee, Cazaude-bat. The trial court rejected Appellants’ demands upon finding Miss Carter contrib-utorily negligent in failing to exercise the degree of care required of a left turning driver. We affirm.
The facts are undisputed. The accident occurred at about 12:45 P.M., August 24, 1973, a clear dry day. Miss Carter was proceeding northerly along Scenic Highway (U.S. Highway 61), in the Parish of East Baton Rouge. It was Miss Carter’s intention to turn left off Scenic onto Elmer Street, and proceed westerly along Elmer Street. Progress Street intersects *766 Scenic Highway at a distance estimated to be “a long block” south of Elmer Street. Shortly before the accident, Miss Carter had been driving westerly along Progress Street toward Scenic. Upon reaching Scenic, she stopped in obedience to a stop sign controlling traffic on Progress Street. While so stopped, she noted the Cazaude-bat vehicle some distance to the south, traveling north on Scenic. Considering it safe to do so, Miss Carter entered Scenic Highway and without incident, turned right and proceeded northerly along Scenic Highway toward Elmer Street. When she reached a point estimated at about halfway between Progress and Elmer Streets, Miss Carter activated her left turn signal preparatory to making a left turn at Elmer Street. Upon reaching Elmer Street, Miss Carter turned left without looking to the rear or making any attempt whatsoever to check the condition of traffic behind her. While so turning, the vehicle operated by Miss Carter was struck at about its left front door by the front of the right front fender of Cazaudebat’s automobile. Miss Carter candidly admitted she did not see the Cazaudebat vehicle until she commenced her return.
Mr. Cazaudebat was traveling at a speed of about 20 miles per hour. He was not aware that there was an intersection ahead at Elmer Street. There were no yellow lines on the surface of Scenic Highway to indicate a no passing zone; neither were there any signs posted along the highway to warn of an intersection ahead. Mr. Ca-zaudebat did not see Miss Carter’s left turn signal. He pulled into the passing lane to pass the slower moving vehicle and when the front of his vehicle was about even with the left rear door of the Carter vehicle, Miss Carter commenced her left turn. Cazaudebat applied his brakes and attempted to veer to the left, but could not avoid a collision. Mr. Cazaudebat stopped his vehicle without leaving skid marks on the highway.
Appellants contend that Cazaudebat was negligent in passing at an intersection in violation of LSA-R.S. 32:76(A) (2). Appellants acknowledge that a left turning motorist is under a heavy burden of care and must exercise caution to determine that a left turn may be made in safety before attempting such a maneuver. See for example, Parish v. Minvielle, La.App., 217 So.2d 684. Nevertheless, Appellants argue that Miss Carter was not negligent, even though she failed to look immediately before commencing her turn, because she had a right to assume that following motorists would obey the law and not attempt to pass at an intersection.
It is basic law that in every instance of this nature, liability of motorists involved must be determined in the light of the facts and circumstances of each case.
Appellants cite numerous cases in which left turning motorists have been absolved of fault and permitted recovery of damages. We find, however, all said authorities are factually distinguishable.
In Moncrieff v. Lacobie, La.App., 89 So.2d 471, a left turning motorist was permitted recovery when the rear of his vehicle was struck by an automobile in the act of passing several cars either stopped or stopping behind the left turn driver.
Hudgens v. Mayeaux, La.App., 143 So.2d 606, involved a bus stopped at an intersection controlled by a traffic signal. After waiting for oncoming vehicles to clear, the bus commenced a left turn and was struck by a passing vehicle. ^
In Burton v. Allstate Insurance Company, La.App., 139 So.2d 817, a left turning driver was exonerated from liability upon a finding that excessive speed of an oncoming vehicle was the sole proximate cause of the accident.
Faulkner v. Ryder Tank Lines, La.App., 135 So.2d 494, allowed recovery by a left turning motorist when it was found that the left turning vehicle was about to complete its turn when it was struck by an overtaking motorist whose vehicle left 120 feet of skid marks prior to the point of impact.
*767 In this instance, Miss Carter was fully aware that a vehicle was proceeding northerly behind her when she turned onto Scenic Highway. Despite this knowledge, she made no observation behind her after entering Scenic Highway and before commencing her turn. Activation of her turn signal was not sufficient.
We find that this case falls within the ambit of Hughes v. Whitten, La.App., 276 So.2d 405, and other authorities, which hold that a left turning driver may not assume that a following motorist will not pass at an intersection where, prior to commencing to turn, the left turning driver could and should have seen the defendant driver already engaged in passing. See also Waters v. Pharr Bros., Inc., La.App., 228 So. 2d 91; Scrantz v. Aetna Casualty and Surety Company, La.App., 281 So.2d 820. In this instance, we find that Miss Carter failed to exercise the degree of care required under the circumstances. Her remission bars recovery by plaintiffs herein.
The judgment of the trial court is affirmed at Appellants’ cost.
Affirmed.