O’NIELL, Chief Justice.
 

 Mrs. Saluda Fuqua Calliham Babin died on February 2, 1946, leaving no forced heirs. She left a will in which after disposing of several special legacies she bequeathed the residue of her estate to her uncle, Robert A. Hart, with the following condition:
 

 “Should Robert A. Hart die before I do then it is my will that so much of my estate as he would have otherwise taken under this will shall belong to and I hereby give and bequeath the same to his heirs.”
 

 Robert A. Hart died on May 25, 1939, leaving no forced heirs, but leaving sixteen nieces and nephews, being the children of his six deceased brothers and sisters, as follows:
 

 (1) Mrs. Gertrude Hart Aldrich and Mrs. Belle Hart Bynum, the children of the predeceased brother of Robert A. Hart, namely, Joseph M. Hart;
 

 (2) Miss Marie Blanche Duncan and Joseph H. Duncan, children of a predeceased sister, Mrs. Anna Belle Hart Duncan;
 

 (3) Albert H. Hart, Jr., and Mrs. Marguerite Hart Land, children of a predeceased brother, Albert H. Hart;
 

 (4) James P. Hart, Jr., Mrs. Viola Hart Dunbar, and Mrs. Anna Belle Hart Bowers, the three children of a predeceased brother, James P. Hart;
 

 (5) Mrs. Alice Plart Phillips, John F. Hart, Robert A. Hart II, Mrs. Margaret C. Hart Contine, Mrs. Mary C. Gabel, and Mrs. Eleanor Hart Higginbotham, the six children of a predeceased brother, Louis F. Hart; and
 

 (6) Mrs. Saluda Fuqua Calliham Babin, the testatrix, being the only child of a predeceased sister of Robert A. Hart, namely, Margaret Chloe Hart.
 

 Mrs. Eleanor Hart Higginbotham died on January 14, 1945, that is, more than five years after Robert A. Hart died, and more than a year before Mrs. Babin died. Mrs. Higginbotham left as her sole heir a son, Donald B. Stafford.
 

 
 *953
 
 Inasmuch as Robert A. Hart, who was named as testamentary executor in the will of Mrs. Babin, died before she died, it became necessary to appoint a dative testamentary executor to carry out the provisions of her will. The court appointed Robert A. Hart II as dative testamentary executor of the estate of Mrs. Babin. He brought a rule on the tax collector to determine how the inheritance taxes should be apportioned among the residuary legatees of Mrs. Babin under the alternative clause bequeathing the residue of her estate to the heirs of Robert A. Hart. All of the heirs of Robert A. Hart, except, of course, Mrs. Babin and Mrs. Higginbotham, who had died, were cited as defendants in the rule to fix the inheritance taxes. Donald B. Stafford also was cited as a defendant in the rule to fix the inheritance tax. The executor took the position that each one of Robert A. Hart’s fourteen heirs inherited a fourteenth of the residuary legacy bequeathed by Mrs. Babin to the heirs of Robert A. Hart. Donald B. Stafford did not file an answer to the rule or make any appearance in the proceeding brought by the executor.
 

 Only four of the parties cited as defendants in the rule opposed the fixing of the inheritance tax in the method proposed by the executor. The opponents contended that the residuary legacy bequeathed by Mrs. Babin to the heirs of Robert A. Hart should, according to the terms of the will, be divided among the heirs of Robert A. Hart, not indiscriminately or by heads, but according to roots; that is to say, that, inasmuch as the heirs of Robert A. Hart who were cited, represented, respectively, five of his deceased brothers and sisters, one-fifth of the legacy should be divided equally between or among the children of each one of the five deceased brothers and sisters. The district court decided in favor of the opponents, maintaining that the residuary legacy bequeathed by Mrs. Babin should be divided among the heirs of Robert A. Hart, not indiscriminately or according to heads, but by roots. The testamentary executor is appealing from' the decision.
 

 Our opinion is that the intention of the testatrix, as expressed in the clause, “should Robert A. Hart die before I do then it is my will that so much of my estate as he would have otherwise taken under this will shall belong to and I hereby give and bequeath the same to his heirs,” was that, if Robert A. Hart should die before the death of the testatrix, his heirs should receive the residuary legacy in the same proportion in which they would have received it if Robert A. Hart had survived the testatrix, and then by his death had transmitted the legacy to his heirs. In other words, Mrs. Babin intended, by the expression “to his heirs” to give the residuary legacy to his heirs
 
 as his heirs,
 
 and in the same proportion in which they would inherit from him if he should survive her.
 

 
 *955
 
 This convinces us that Mrs. Babin intended that the relative rights of Robert A. Hart’s heirs, as residuary legatees under her will, should be determined at the date of her death, not at the date of his death. We must bear in mind that Mrs. Babin knew when she made her will that it could not go into effect until she died. To say that she intended that the relative rights of the heirs of Robert A. Hart, in the residuary legacy which she bequeathed to them, should be determined at the date of his death, would be to impute to her the absurd intention of including herself among her residuary legatees in the event of her surviving Robert A. Hart.
 

 The district judge decided that Donald B. Stafford, who is the son and only surviving heir of Mrs. Higginbotham, is not entitled to share in the residuary legacy under the will of Mrs. Babin. The appellant and appellees before this court are not contesting that part of the judgment appealed from, and as far as any interest which Donald B. Stafford might have in the matter is concerned it is sufficient to say that he has not appealed nor answered the appeal. It is well settled that an appellate court cannot amend a judgment in favor of a party who has neither appealed nor complained by way of an answer to the appeal.
 

 The judgment is affirmed at the cost of the appellant in his capacity of dative testamentary executor of the estate of Mrs. Saluda Fuqua Calliham Babin.