McBRIDE, Judge.
The widow of Charles A. Vogt and their three children sued to recover a $500 deposit which Vogt had made with Delcuze’ Real Estate Co., Inc., a realtor, in connection with his agreement to purchase certain realty from Del-Mar Homes, Inc., on the ground that the agreement to purchase was null, void and ineffective. Both the said owner and the real estate agent were im-pleaded as solidary defendants and they have appealed from an adverse judgment.
The contract to purchase was conditioned upon Vogt’s ability to secure a mortgage upon the property for $11,830, either by a homestead loan from any homestead or a mortgage loan or loans from some other source, payable in equal installments, over a period of twenty-five years. The agreement recited that:
“Should the loan stipulated above be unobtainable by purchaser, seller or agent within --— days from date of acceptance hereof, this contract shall then become null and void.”
Vogt made a bona fide effort to obtain a loan to finance his purchase by applying *927 therefor to Central Savings & Loan Association, but the application was rejected, not because he was not financially responsible or because the value of the property was not sufficient to warrant the loan, but solely because he was then in a hospital suffering from a serious coronary condition from which he shortly thereafter died. Upon notification by the homestead that the loan application was rejected, Vogt’s attorney communicated that information to defendants and demanded the return of the $500 deposit.
The defenses to the suit are not impressive. First, it is said that under the agreement Vogt was obligated to deposit $3,970 on account of the purchase price, but he violated his contract by depositing only $500. There can be no merit in this particular defense. The defendants seem to have been satisfied with the $500 deposit and demand for the balance of the stipulated deposit seems not to have been made until after it developed Vogt could not consummate a loan with the homestead.
Second, it is contended that whereas Vogt’s attorney notified defendants that Vogt did not intend to fulfill his contract, this constituted a breach of the agreement. We think that in view of the fact Vogt made a bona fide, although futile, effort to secure financing, he was justified in considering his agreement at an end. Defendants argue that had not Vogt breached his agreement by giving the notification he did not intend to go through with the transaction, they would have taken steps to secure the necessary loan for him. The record shows that notwithstanding said notification, attempts were made to negotiate such a loan, but the representative of defendant real estate agent admitted under questioning by the court that he was never able to get a commitment from any lending agency, homestead bank, private corporation or individual for a loan to Vogt payable over a period of twenty-five years.
Under the terms of the agreement, should the contemplated loan be unobtainable by the purchaser, seller, or agent, the contract shall become mill and void. This was the law between the parties. LSA-C.C. art. 1901. Plaintiffs, as the widow and heirs of Vogt, are clearly entitled to the return of the $500.
Appellees in their brief pray for an amendment to the judgment entitling them to interest on the amount thereof from judicial demand; they also pray for damages for frivolous appeal. The judgment cannot be so revised because no formal answer to the appeal was filed on behalf of appel-lees and we are unauthorized to give any consideration to the prayer contained in the brief. C.P. art. 907; Treadaway v. Marphis, La.App., 73 So.2d 215.
The judgment appealed from is affirmed.
Affirmed.