LUTPIER E. HALL, Judge pro tem.
Plaintiff sued defendant, an appliance dealer, for damages caused by a fire which broke out in plaintiff’s Midway Trailer allegedly as a result of the faulty installation in the trailer by defendant’s employees of a new air-conditioner purchased the previous day by plaintiff from defendant.
Plaintiff claimed damages to his trailer in the sum of $844.19 plus damage to personal effects which were in the trailer amounting to $885.80 plus $170.00 rent paid out by plaintiff while his trailer was being repaired, making a total of $1,899.99 damages claimed.
The District Judge rendered judgment in favor of plaintiff in the sum of $450.00, *692 and plaintiff appealed asking that the award of damages be increased to the amount prayed for and that the judgment be otherwise affirmed.
Defendant has neither appealed nor answered the appeal, and although he prays in his brief that the judgment of the District Court be reversed, we are powerless to alter or amend the judgment in his favor. See Succession of Babin, 213 La. 950, 35 So.2d 864; Blasingame v. Anderson, 236 La. 505, 108 So.2d 105; Rader v. Rader, La.App., 126 So.2d 189; Vogt v. Del-Mar Homes Inc., La.App., 131 So.2d 926; C.P. Articles 592, 888, 889; see also LSA-C.C.P. art. 2133.
The question of liability vel non is thus foreclosed, and the only question before the Court is whether the judgment should be increased.
The District Judge did not give any written reasons for judgment and in awarding plaintiff $450.00 we do not know what items of damage he intended to include therein. Presumably the amount of the judgment covered the television set, skill saw, clothing and other articles of personal property which were inside the trailer. It is evident that he included nothing for the repairs to the trailer which were necessitated by the fire. This item amounted to $844.19 and was fully proved.
The only reason suggested as to why this item was disallowed by the District Judge is the fact that the repairs were paid for by plaintiff’s insurer and not by plaintiff. This item should have been allowed. This Court said in Dupuy v. Graeme Spring & Brake Service Inc., 19 So.2d 657:
“ * * * But as we now view and interpret the Hanton case and other Louisiana decisions, we think that it is clear that even though an automobile owner, whose car has been damaged by a tort feasor, has received from his insurer the total amount of his claim for damage, he may, nevertheless, maintain against the tort feasor a claim for the damage provided the tort feasor has not been formally notified that the claim has been assigned to someone else *
See also Hanton et al. v. New Orleans & C. R. Light & Power Co., 124 La. 562, 50 So. 544; Marmol et al. v. Wright, La.App., 62 So.2d 528; Hendren v. Crescent City Seltzer and Mineral Water Company Inc., 1 La.App. 625; Mahaffey v. Benoit, La.App., 118 So.2d 162; Ayres v. Wyatt, La.App., 185 So. 84; Clemens v. Southern Advance Bag & Paper Co., La.App., 22 So.2d 68.
Plaintiff testified that his television set, a skill saw, some bedding and various articles of clothing and other personal property was destroyed by the fire, and testified to the cost price to him of each article, all of which added up amounted to a total of $788.85. He asks this Court to award him the full amount. None of these articles was new. He testified that the television set was eighteen months old at the time of the fire but gave no estimate as to the age or condition of the other articles. Manifestly he cannot recover their value new. The District Judge placed a value of $450.00 thereon, and we see no reason to increase this amount.
We find no proof in the record to support plaintiff’s claim for rent.
For the foregoing reasons the judgment appealed from is amended by increasing the principal amount of the damages awarded therein to the sum of $1,294.19 and as so amended and in all other respects the judgment is affirmed.
Amended and affirmed.