BARNETTE, Judge.
Plaintiff’s suit was dismissed by the trial court on a judgment maintaining the peremptory exception of prescription and plaintiff has appealed.
On September 20, 1967, the plaintiff, American Security Insurance Company, filed suit in tort against Insurance Company of North America seeking recovery of $1,195.82, the amount paid by plaintiff for repair of its insured’s automobile damaged in a collision on February 15, 1966, with an automobile insured by defendant. The recovery sought by plaintiff represented the damage to its insured’s automobile less the deductible amount of $100 paid by the insured, Baxter B. Jenkins. Plaintiff *164 claimed its right of action for the $1,195.82 as subrogee of Jenkins. Negligence of defendant’s insured as the proximate cause of the automobile collision is the alleged cause of action upon which recovery is sought.
The suit was filed more than one year after the accident and prescription had already accrued in the absence of a legal interruption. We have examined plaintiff’s petition carefully and fail to find therein any allegation of a fact or circumstance indicating an interruption of prescription. Apparently the exception could have been maintained on the face of the petition. The court might then have granted leave to amend the petition to remove the objection pleaded by the exception under the authority of LSA-C.C.P. art. 934.
In spite of plaintiff’s failure to plead the facts, it is evident that both plaintiff and defendant concede a factual circumstance, which, if properly pleaded, would have presented the issue of interruption of prescription. As a matter of fact, it was the defendant who supplied the factual representations, which plaintiff should have alleged in its petition. In a memorandum in support of its exception of prescription, filed simultaneously with the exception, the defendant apprised the court of the previous suit filed timely by plaintiff’s insured Jenkins against defendant’s insured Johnson for damages, including an item of $100 (the deductible amount) paid by Jenkins for repair of his automobile. The previous suit was in another division of the same court and the court, upon proper foundation being laid, might have taken judicial notice thereof; hut there is nothing in the record before us to indicate that it did or how the facts pertinent to the issue here were presented to the court, except that all parties at least tacitly concurred and by mutual consent agreed that the facts were true and should be considered by the court. Briefs filed in both courts and the arguments here suggest nothing to the contrary. Therefore, we will make no point of plaintiff’s failure to plead the facts upon which it must rely for interruption of prescription. LSA-C.C.P. art. 1154.
T,he undisputed facts are: On February 15, 1966, there was a collision of two automobiles, one belonging to Jenkins and driven by his minor son, and the other owned by Johnson. Jenkins brought suit timely against Johnson and his insurer, Insurance Company of North America, alleging negligence on the part of Johnson and sought, on behalf of his minor son, recovery of damages for personal injuries, and, individually, among other special items, recovery of $100, the deductible amount paid by him for automobile repair. On June 26, 1967, judgment was rendered in favor of plaintiff and an appeal was taken to this court. Judgment was amended and affirmed by this court in an opinion handed down July 15, 1968. Jenkins v. Johnson, La.App., 212 So.2d 721.
The present suit was filed September 20, 1967, after trial and judgment in the district court in the first suit and during pendency of appeal. The question is whether the filing of the suit by plaintiff’s insured Jenkins, seeking recovery of damages of $100 to his automobile interrupted prescription running against Jenkins’ insurer with respect to its claim of $1,195.82, representing the balance of the repair bill for which it was subrogated.
The plaintiff bases its contention on the premise that there is but one cause of action arising out of the accident and that Jenkins’ timely suit “ * * * interrupted prescription in favor of all parties to whom the cause of action was common pursuant to Louisiana Revised Statutes 9:5801.” It also cites and relies upon the authority of National Surety Corp. v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965) and Carona v. Radwin, 195 So.2d 465 (La.App. 4th Cir. 1967).
LSA-R.S. 9:5801 is as follows:
“All prescriptions affecting the cause. of action therein sued upon are interrupted as to all defendants, including *165 minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.”
The source authority of this section is Act 39 of 1932 as amended by Act 31 of 1960. Orginally this section was enacted to overcome the obviously bad feature of prior law which required as a condition for interruption of prescription not only that suit be filed but that service of citation be made before the prescriptive period had run. The amendment of 1960 was enacted upon recommendation of the Louisiana Law Institute to conform with the provisions of LSA-C.C. art. 3518 to provide for interruption of prescription as to the defendant served with process when suit has been filed in a court of incompetent jurisdiction.
Here we have only one defendant and two plaintiffs. The cause of action upon which both plaintiffs have brought suit arose out of a single alleged tort committed by defendant’s insured. The specific question presented by this case seems not to have been clearly resolved in our jurisprudence. Some confusion results from attempts to apply literally every word of the statute. For instance, “all prescriptions affecting the cause of action therein sued upon * * * ” is interpreted by the plaintiff literally to mean that once a suit has been timely filed on a single or common cause of action prescription is interrupted as to all plaintiffs. For authority for this position it refers to the following language of the Supreme Court in National Surety Corp. v. Standard Accident Ins. Co., supra, 175 So.2d at 268:
“We find that one principal cause of action resulting from a single tort exists herein — namely, the alleged negligence of Brown Ferguson. Marquette Casualty Company v. Brown, [235 La. 245, 103 So.2d 269] supra; Lewis v. Republic Supply Co., La.App., 155 So.2d 200. As stated supra, the employer’s insurer alleged negligence, and the employee adopted his allegations. Recovery is predicated upon the proof of the sole or joint negligence of Ferguson; if damages accrue to Tyson, benefits and expenses paid by plaintiff must be subtracted from them.
* * * ‡ * *
“LSA-R.S. 9:5801, supra, recites that all prescriptions affecting the ■ cause of action sued upon are interrupted as to all defendants by the commencement of a civil action in a court of competent jurisdiction. Certainly the claim of Tyson affected the one cause of action alleged by plaintiff; it follows that any prescription applying to the filing of an intervention by Tyson was interrupted by the timely filing of suit by the employer’s insurer, especially, as stated supra, when the intervention was filed before answer. We conclude that herein there can be no separate prescription which applies to rights of action as opposed to cause of action.”
The defendant, on the other hand, argues that the words of the statute “as to all defendants” does not extend the effect of the interruption in favor of all potential plaintiffs. This seems to us to be the more logical interpretation since any other could lead to absurdity. By way of illustration, let us assume a situation in which there are two or more subrogees which might result from coinsurance or primary and excess insurance or other conceivable conventional partial subrogation. Could it then be said that the timely suit by the subrogor for that portion of the claim not subrogated interrupts prescription in favor of all subrogees and thereafter a second suit by subrogee A would interrupt prescription for the benefit of subrogee B, ad infinitum? Obviously the answer is no.
Certainly the Supreme Court did not intend for such construction to be given *166 to its opinion in the National Surety case. Furthermore, the factual and legal situation in that case is clearly distinguishable from the instant case. In that case the compensation insurer brought suit within one year against the tort-feasor responsible for the injury to the compensation claimant to recover compensation paid. The workmen’s compensation statute, LSA-R.S. 23:-1102, required the insurer to notify the injured workman, Tyson, of its suit so that he might have an opportunity to “ * * * intervene as party plaintiff in the suit.” In compliance with this section Tyson was alleged to be an interested party in the proceedings and was served with citation. Within a few days, but more than one year from the date of the alleged tort, Tyson did intervene as a party plaintiff seeking recovery of damages against the tort-feasor.
The court, in holding that plaintiff’s timely suit had interrupted prescription in favor of Tyson, made the following comment 175 So.2d at 267:
“The identical question herein involved has not been raised in our prior jurisprudence. We find, however, that there have been at least two cases in which the parties were in positions converse to plaintiff and intervenor. In proceedings instituted by employees, employers were permitted to intervene more than a year after the accident; reasons given were that the interventions would make no difference to the defendants because liability was not increased by the filing of the interventions. Walton v. Louisiana Power & Light Co., La.App., 152 So. 760; Mayon v. Delta Well Logging Service, Inc., La.App., 127 So.2d 16.”
The Court observed that Tyson’s intervention was filed before answer, but we do not interpret this to imply that it would have been treated less favorably if it had been filed at a later time during the pendency of the suit under LSA-C.C.P. art. 1033. Whether or not the Court would have reached a different conclusion if Tyson had not intervened timely but had elected to file a separate and independent suit after trial and judgment in the original suit, we will not speculate.
After Jenkins brought timely suit against Johnson, "Jenkins’ insurer subrogee might have joined in the action to the extent of its claim, but was not required to do so as an indispensable party. LSA-C.C.P. art. 641. It could have intervened in Jenkins’ suit under LSA-C.C.P. art. 1033 as an interested and necessary party. LSA-C.C.P. art. 642.
This right to join in the pending action in our opinion could have been exercised after the expiration of one year from the date of the incident since the defendant’s position would not have been prejudiced nor the issues pending trial changed in any respect. Its position would have been no different than if Jenkins, the insured sub-rogor of a portion of the claim, had brought suit initially or by subsequent amendment of his petition for the full damage for himself and on behalf of his insurer subrogee— a procedure long recognized in our jurisprudence. Hanton v. New Orleans & C. R., Light & Power Co.,[1] 124 La. 562, 50 So. 544(1909); Williams v. Langston, 138 So.2d 691 (La.App. 4th Cir. 1962); Mahaffey v. Benoit, 118 So.2d 162 (La.App. 1st Cir. 1960); Moncrieff v. Lacobie, 89 So.2d 471 (La.App. 1st Cir. 1956); De Roode v. Jahncke Service, 52 So.2d 736 (La.App. Orleans 1951) ; Stein v. Williams Lumber Co., 36 So.2d 62 (La.App. Orleans 1948).
In Younger v. American Radiator & Standard San. Corp., 193 So.2d 798 (La.App. 3d Cir. 1967), the subrogee’s right and cause of action was held prescribed *167 when it attempted to join the subroger as a party plaintiff the day before trial, but more than a year after the incident giving rise to the cause of action. But in that case the fact was revealed that there was a total subrogation and the subrogor was without a right of action to institute the suit. Upon this fact being disclosed by the subrogee’s attempt to enter the suit, the plaintiff’s suit was dismissed on an exception of no right of action. The court then maintained the exception of prescription against the subrogee, holding that the sub-rogor’s abortive action had not interrupted prescription. The implication is unmistakable that except for the subrogation being total, rather than partial, the subrogee’s late entry into the pending suit would have been allowed.
Jenkins might at any time after filing suit have amended his petition, even after the year had run, to include the amount due his subrogee. It must logically follow that if Jenkins could have done so for the plaintiff, the plaintiff could have intervened in its own behalf. This is clearly implied in the Younger case. But this is not the case, and we are not called upon to give an opinion on what might have been. It suffices to say that after trial and judgment for the lesser amount, it was too late for Jenkins or his subrogee to assert a claim for the amount not sued for.
We are impressed with defendant’s argument that nothing done by Jenkins with respect to his $100 claim could have prejudiced his insurer subrogee’s right to pursue its claim independently, and vice versa. A compromise by either would not have prejudiced the rights of the other. Nor does an exclusive suit brought independently by one inure to the benefit of the other. While the two claims might have been treated as one for the purpose of suit, as we have indicated above, or the two claimants have joined as coplaintiffs in a single suit, they did not do so. The two claimants elected to pursue their rights of action separately and independently. Having elected to do so they placed themselves in the same situation which prevails when two or more persons seek damages arising out of a single tort as two guest passengers in the same automobile. A timely and independent suit by one does not interrupt prescription in favor of the other.
In Carona v. Radwin, supra, we held that plaintiff was not barred by prescription, but under an entirely different set of circumstances. Plaintiff was damaged in an accident involving his own and two other automobiles. He filed suit against one motorist. That defendant then by a third party petition made the other motorist a party defendant seeking indemnity or contribution. Plaintiff then by supplemental and amended petition, filed after a year had run from date of the accident, made the second motorist a defendant in the principal suit as a joint tort-feasor seeking damages against both motorists jointly and in solido. Upon trial of the case, the first defendant was disc harged and the second named defendant held solely responsible for the accident. At this point the second defendant filed an exception of prescription based on the argument that since the first defendant was free from negligence and there was no joint tort-feasor liability, plaintiff’s timely suit against the first defendant did not interrupt the prescription running in favor of the second defendant. We rejected this argument and said:
“The timely third party demand by Radwin and his insurer against Guidry and Allstate clearly put at issue the negligence of Guidry, from which negligence the plaintiff Carona suffered injury. It was immaterial to this cause of action that Radwin’s alleged negligence might also have been a proximate cause of Carona’s injury. Guidry and Allstate were put on notice, by suit against them within a year of the accident, that Gui-dry’s negligence was a cause of Carona’s damage and personal injury. Plaintiff’s later petition did not change this cause of action. The fact that the court found Guidry’s negligence to be the sole proximate cause does not change the nature *168 of the cause of action against them.” 195 So.2d at 468.
Clearly that decision gives no support whatever to defendant’s argument in this case, but rather, we think, supports the rationale of this opinion.
The conclusion we have reached is in perfect accord with the intent of our procedural laws that there should be an end to litigation and that a debtor should not be subjected to the harassment of multiple suits upon the same claim. See the dissenting opinion of Judge Tate in Younger v. American Radiator & Standard San. Corp., supra.
For these reasons, the judgment maintaining defendant’s exception of prescription and dismissing plaintiff’s suit at its cost is affirmed.
Affirmed.

. It should be noted that the statement in this and in other cases cited that the insurer subrogee was “not a necessary party” to the insured’s action was before the enactment of the Louisiana Code of Civil Procedure which for the first time defined and distinguished necessary and indispensable parties. See LSA-C.C.P. arts. 641 and 642 and comments thereunder.