363 So.2d 506 (1978)
Clifford BOSWELL
v.
ROY O. MARTIN LUMBER CO., INC.
No. 61921.
Supreme Court of Louisiana.
October 9, 1978.
Roy B. Tuck, Jr., Leesville, for plaintiff-applicant.
Charles S. Weems, III, Gold, Little, Simon, Weems & Bruser, Alexandria, for defendant-respondent.
SANDERS, Chief Justice.
This litigation involves damages for timber trespass.
Boswell, the plaintiff, sold Martin Lumber Company all hardwood, cypress, and *507 pine trees eight inches and larger in diameter on his fifty-acre tract. During the term of the timber deed, the defendant injected thousands of trees ranging from two to twenty-two inches in diameter with a herbicide, killing them. The plaintiff sued, alleging trespass and praying for damages for loss of timber, for destruction of usefulness of land as a wildlife habitat, and for humiliation, mental anguish, aggravation, and embarrassment.
The district court awarded the plaintiff $5,000 for general damages. In assessing this award, it considered "the amount of acres involved, the denuded condition of the land, the effect this situation has on a sole proprietor who is obviously over fifty years of age." The defendant appealed. The Court of Appeal reduced the award to $500, a "fair and adequate amount." La.App., 355 So.2d 33 (1978). We granted plaintiff's application to review this judgment. La., 357 So.2d 1154 (1978).
Louisiana Civil Code Article 1934(3) provides in pertinent part:
"In the assessment of damages . . . in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury . . ."
In Anderson v. Welding Testing Laboratory, Inc., La., 304 So.2d 351 (1974), we set forth the applicable principles as follows:
"The trier of fact is granted much discretion in the award of general damages, i. e., those which may not be fixed with any degree of pecuniary exactitude but which, instead, involve mental or physical pain or suffering, inconvenience, the loss of gratification of intellectual or physical enjoyment, or other losses of life or life-style which cannot really be measured definitively in terms of money. [Citations deleted.]
"Our jurisprudence has established certain principles of review of such awards by the appellate courts, in their performance of the fact-review function assigned to them by the Louisiana constitution. [La.Const. Art. 5, §§ 5, 10 (1974).] La. Const. Art. VII, Sections 10, 29 (1921, as amended in 1958). These principles, as extensively summarized recently in Revon v. American Guarantee & Liability Ins. Co., 296 So.2d 257 (La.1974), include:
"The appellate review of awards for general damages is limited to determining whether the trial court abused its great discretion. The adequacy or inadequacy of an award should be determined on the basis of the facts and circumstances peculiar to the case under review, having in regard also that the trier of fact has the advantage of seeing the witnesses and evaluating their testimony, including that of residual pain. The awards made in other cases provide no scale of uniformity; their use is limited to serving as an aid to determine, if the present award is greatly disproportionate to similar awards (if Truly similar), whether an issue of abuse of discretion may exist in the present case. In any event, an abuse of trial-court discretion must be clearly demonstrated by the record before an appellate court will tamper with an award of general damages."
See also Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
In the present case, without the consent or knowledge of the plaintiff, defendant's employees injected 6,220 trees with herbicide.[1] Those less than eight inches at the stump numbered approximately 5,000 and were not subject to the timber deed. Virtually all trees on plaintiff's land less than eight inches in diameter were killed. (Trees injected included white oak, red oak, black gum, sweet gum, maple, beech, ash, hickory, iron wood, winged elm, and dogwood.) At the time of trial, ninety-nine percent of the trees injected were dead, *508 most had fallen, and some fallen trees blocked a stream on the property.
The plaintiff testified that the falling trees rendered walking through his property hazardous. Loss of the trees also rendered the property unsuitable for squirrel hunting. He testified:
"It was real good squirrel territory [prior to the deadening] on account of them beeches and things in there, it was a real good swamp to hunt in. About as good as we've got anywhere around." [Tr. p. 12.]
The record reflects that the plaintiff was emotionally upset about the deadening. One witness who regularly saw the plaintiff testified that he frequently complained about "the injustice done him" and his loss of hunting ground. Undoubtedly, the plaintiff suffered considerable mental pain and anguish.
We conclude that the trial court's award fell within the range of its discretion.
The plaintiff also attacks the propriety of the lower courts' disallowing his evidence of the value of young timber because it was too speculative. See Quatre Parish Co. v. Beauregard Parish School Board, 220 La. 592, 57 So.2d 197 (1952). Although we entertain doubts concerning the ruling's correctness, we find it unnecessary to consider it. We have reinstated the full award of the trial court. As the plaintiff failed to appeal or answer the defendant's appeal, the law precludes us from increasing the award in his favor. LSA-C.C.P. Art. 2133; Succession of Babin, 213 La. 950, 35 So.2d 864 (1948); Parish of East Baton Rouge v. Harrison, La.App., 260 So.2d 106 (1972).
For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside and the judgment of the district court is reinstated and made the judgment of this Court.
NOTES
[1] This deadening process, commonly known as Timber Stand Improvement, allows for more growth space for future crops.