REDMANN, Judge.
An employer appeals from an award of added workers’ compensation. The employer’s principal argument is that plaintiff was not temporarily totally disabled because, despite a still-separated break in the bone of the tip of his left ring finger, he was able to do some work such as being a security guard. We agree that plaintiff was not totally disabled, but we affirm because he was partially disabled.
There is ample support in Dr. Kitziger’s testimony to conclude that plaintiff had a “partial disability ... to perform the duties in which he was customarily engaged when injured” within R.S. 23:1221(3), because the nonunited fracture of his finger’s distal phalanx prevented his lifting heavy objects without pain, and lifting was part of his duties when injured.
Save for one day’s work at Avondale plaintiff’s actual wages were zero during the period of his disability, which continued until at least a month after April 25, 1978 when Dr. Kitziger last saw the fracture still nonunited. The total of 21 weeks of benefits after the October 26, 1977 accident extended only until March 22, 1978. On March 27 plaintiff began working for his father, but promptly quit allegedly because of finger pain and pain is corroborated by Dr. Kitziger’s testimony.
The record would thus support not only the 16 weeks of benefits awarded but another nine weeks as well (although credit for two or three days of work would be due).
The further award of $780 “as compensation for petitioner’s permanent partial disability” cannot stand as such. The only possible authority is § 1221(4)(n) or (o) but § 1223 would require credit for § 1221(1), (2), or in our case (3) benefits against sub-paragraph (4). Nevertheless we do not disturb the $780 award because plaintiff remained partially disabled for at least nine more weeks during which the fracture did not unite and pain would continue to occur on pressure such as in lifting. Nine weeks at $110.59 would total more than $780. (Plaintiff did not appeal or answer the appeal and we therefore cannot modify the judgment in plaintiff’s favor by giving him the other nine weeks in full.)
Affirmed.