408 So.2d 438 (1981)
Frank J. PASQUA
v.
LAFOURCHE PARISH SCHOOL BOARD.
No. 14509.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
*439 Ralph D. Hillman, Thibodaux, for plaintiff-appellee Frank J. Pasqua.
Randolph H. Parro, Thibodaux, for defendant-appellant Lafourche Parish School Bd.
Before CHIASSON, EDWARDS and LEAR, JJ.
LEAR, Judge.
Plaintiff, Frank J. Pasqua, filed this civil action against defendant, Lafourche Parish School Board, alleging a violation of the Louisiana Teacher Tenure Act, Louisiana Revised Statutes 17:441-445. Plaintiff contends that defendant violated the act by transferring him from his tenured position as an assistant principal of a junior high school to a position as an assistant principal of an elementary school, without maintaining his salary at the higher rate for the junior high school position. He seeks reinstatement of his former salary scale plus back pay.
Defendant answered the petition, after which plaintiff filed a motion for summary judgment with a supporting affidavit and exhibits. Defendant opposed the motion and offered the affidavit of the Superintendent of Schools for Lafourche Parish. After a hearing on the motion, the trial court granted it and rendered judgment in favor of plaintiff, ordering that plaintiff be compensated at the rate for an assistant principal of a junior high school and for pay shortages to date.
Defendant appealed suspensively. Plaintiff neither appealed nor answered the appeal but, nevertheless, requests in brief judicial interest on the pay shortages for 1980-81 plus damages and attorney's fees for frivolous appeal. The Louisiana Association of Educators (LAE) was granted permission to, and did, file an amicus curiae brief.
Defendant's two specifications of error on appeal are, first, that genuine issues of material fact are present, which preclude summary judgment, and, second, plaintiff is not entitled to summary judgment as a matter of law under the Louisiana Teacher Tenure Act.
The record before us indicates that prior to June 1, 1980, plaintiff was employed as an assistant principal of various junior high schools in Lafourche Parish for four years. The junior high school to which plaintiff was assigned as an assistant principal was closed for economic reasons in May of 1979. *440 Thereafter, plaintiff was assigned to another junior high school for one year, after which he was transferred to and is presently assistant principal of an elementary school. These transfers were for administrative purposes and none were for disciplinary reasons. Plaintiff presently earns more money than he did during his last assignment as an assistant principal of a junior high school. The salary plaintiff would receive as an assistant principal of a junior high school is the salary he would receive as a teacher multiplied by an index of 1.21. The salary he receives as an assistant principal of an elementary school is his teacher's salary multiplied by an index of 1.16.
Defendant's affidavit in opposition to the motion for summary judgment established that plaintiff is now being paid more than he had been paid during his last service as assistant principal of a junior high school. However, in response to specific questions by the court during oral argument on the motion, defense counsel admitted that the reason for this higher salary was a general pay raise for all teachers. He also stated that plaintiff's earnings would presently be higher if he were assistant principal of a junior high school rather than of an elementary school.
Defendant first argues that various genuine issues of material fact exist, which should preclude summary judgment. Specifically defendant cites the following issues:
1. Was plaintiff's salary reduced?
2. What is the appropriate salary schedule for plaintiff?
3. Does plaintiff have tenure as an administrator?
4. Is South Thibodaux Junior High School actually a junior high school?
5. At which schools has plaintiff served?
6. When was South Thibodaux Junior High School closed?
7. Was the proper procedure followed for reducing plaintiff's salary?
Defendant contends that the salary was not actually reduced and argues that no reduction was shown. However, plaintiff is not alleging an actual reduction but, rather, that application of the improper salary index results in a lesser increase of salary.
It is obvious that the general teacher pay raise granted by the legislature (Act 11 of the 1980 Regular Session) caused an actual increase in plaintiff's salary, but that the increase would have been greater were he paid according to the salary index for a junior high school position as opposed to the index for an elementary school position.
As to the appropriate salary schedule, plaintiff's affidavit and exhibits establish it as his teacher's pay multiplied by an index of 1.21.
As to tenure as an administrator, defendant admits in its answer that plaintiff was employed as an assistant principal of various junior high schools for four years prior to June 1, 1980. Under LSA-R.S. 17:444, three years of service in such a position vests tenure.
It cannot seriously be contended that South Thibodaux Junior High School is not actually a junior high school. In any event, defendant itself has classified the school as such and thereby admitted its status.
While the record is somewhat confused as to the question of which schools plaintiff has served at, the identity of the particular schools is irrelevant. Defendant itself has admitted that plaintiff served for four years prior to June of 1980 as an assistant principal of junior high schools in Lafourche Parish.
Defendant's answer establishes that South Thibodaux Junior High School was closed in May of 1979.
In raising the issue of the proper procedure for reducing salary, defendant is apparently referring to the procedure set forth in LSA-R.S. 17:443. This procedure, however, refers to disciplinary actions, and defendant has admitted in its answer and supporting affidavit that plaintiff's transfer was not for disciplinary purposes. See also R.S. 17:444.
The standard for summary judgment was recently set forth in White v. Baker Manor *441 Nursing Home, Inc., 400 So.2d 1168 (La. App. 1st Cir., 1981) writ denied 403 So.2d 68 (La.1981).
"Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The movant has the burden of affirmatively showing the absence of any genuine issue of material fact. La.Code Civ.P. arts. 966 and 967; Mashburn v. Collin, 355 So.2d 879 (La.1977). Any doubt as to the existence of a genuine issue of material fact is to be resolved against granting the motion. Bonnette v. Century Ready-Mix Corp., 369 So.2d 1201 (La.App. 2nd Cir. 1979), writ denied, 373 So.2d 525 (La.1979); Acme Refrigeration of Baton Rouge v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir. 1977)."
In Aydell v. Charles Carter & Company, Inc., 388 So.2d 404 (La.App. 1st Cir., 1980) writ denied 391 So.2d 460 (La.1980), we stated:
"To determine whether there is a genuine issue of fact, a trial court must of necessity examine the merits. Despite the presence of disputed facts, summary judgment as a matter of law will be granted if the disputed issues of fact are so patently insubstantial as to present no genuine issues. Merely formal allegations without substance will not preclude summary judgment. City of Baton Rouge v. Cannon, [376 So.2d 994 (La.App. 1st Cir. 1979)]; Metropolitan Bank of Jefferson v. Summers, 257 So.2d 179 (La. App. 4th Cir. 1972), writ refused 261 La. 462, 259 So.2d 914 (1972)."
All factual issues alleged by defendant have either been actually removed from issue[1] or are irrelevant. We therefore agree with the trial court that no genuine issue of material fact exists.
Defendant next argues that plaintiff is not entitled to summary judgment as a matter of law. It submits that plaintiff was and is an assistant principal and that he was merely transferred to another school. Hence, he was not demoted to a lower position, according to defendant.
In conjunction with this argument, defendant submits that Louisiana Revised Statute 17:444 is the applicable statutory provision. LAE argues that the applicable statute is 17:443.
R.S. 17:443 deals with removal of permanent teachers from office. Contrary to LAE's argument, R.S. 17:444 does in fact deal with demotion of a tenured employee. It provides, inter alia:
"At the expiration of the probationary period in the higher position, a teacher, unless removed or demoted in accordance with R.S. 17:442, shall automatically acquire permanent status in the higher position and thereafter may not be disciplined, removed or demoted from such higher position except in compliance with the provisions of R.S. 17:443."
Defendant's argument that transfer of plaintiff as assistant principal of a junior high school to assistant principal of an elementary school is not a transfer to a lower position is without merit. R.S. 17:444 uses the terms "lower position" and "higher position" with reference to salary. The first paragraph of that statute clearly refers to "moving [a] teacher from a position of lower salary to one of higher salary ...." (Emphasis added.) This statement must be read in conjunction with that portion of the second paragraph of the statute quoted above. Obviously, "higher position" refers to one of higher salary.
Although plaintiff was and still is an assistant principal, his position at a junior high school was a higher salaried one than his position at an elementary school. Hence, he was transferred to a lower position after having acquired tenure in the higher position. Since the transfer was not for disciplinary reasons, the procedures set forth in R.S. 17:443 were obviously not followed. The result is a clear violation of the *442 Teacher Tenure Act, specifically, R.S. 17:444.
The fact that the initial transfer of plaintiff from South Thibodaux Junior High School was made because the school was closed for economic reasons is irrelevant. Even if the transfer was made in good faith, plaintiff is still entitled to the emoluments accompanying that position. Dugas v. Ascension Parish School Board, 228 La. 80, 81 So.2d 817 (1955).
Plaintiff neither appealed nor answered the appeal. Nevertheless, in brief he requests interest on the money judgment for pay shortages and also damages and attorney's fees for frivolous appeal.
Plaintiff did not request interest in his petition, and the judgment of the trial court did not award interest. Plaintiff's request that we modify the judgment of the trial court to include interest must be denied, because a request for interest may not be presented for the first time on appeal. Schoeffner v. Schoeffner, 167 La. 208, 118 So. 890 (1928); Evans v. Dudley Lumber Co., 164 La. 472, 114 So. 101 (1927). Also, an appellate court may not modify a judgment in favor of a party who neither appealed nor answered the appeal. La.C. C.P. art. 2133; Powell v. Avondale Shipyards, Inc., 388 So.2d 425 (La.App. 4th Cir., 1980); Barksdale v. Southern Airways, Inc., 365 So.2d 493, on rehearing, (La.App. 1st Cir., 1978); Prado v. Hydrocarbon Testers, Inc., 332 So.2d 514 (La.App. 3rd Cir., 1976); Shirley v. Aetna Casualty & Surety Company, 256 So.2d 462 (La.App. 2nd Cir., 1972). In an older case, the Fourth Circuit so held specifically with regard to a request for judicial interest. Vogt v. Del-Mar Homes, Inc., 131 So.2d 926 (La.App. 4th Cir., 1961). While Vogt was decided under the old Code of Practice, Article 907, rather than under the new Louisiana Code of Civil Procedure Article 2133, the theory is still valid.
Likewise, in order to obtain damages and attorney's fees for a frivolous appeal, the appellee must either appeal or answer the appeal. Morial v. Orleans Parish School Board, 332 So.2d 503 (La.App. 4th Cir.), writ denied, 337 So.2d 530 (La.1976); Young v. Warner, 283 So.2d 547 (La.App. 1st Cir., 1973).
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by defendant-appellant, Lafourche Parish School Board.
AFFIRMED.
NOTES
[1] Many of the alleged factual issues, as previously noted, were removed from issue by defendant's own pleadings. An admission in a pleading falls within the scope of a judicial confession and is full proof against the party making it. La.C.C. art. 2291; Smith v. Board of Trustees of Louisiana School Employees Retirement System, 398 So.2d 1045 (La.1981).