McBRIDE, Judge.
This action arises out of an automobile truck collision which occurred on June 20, 1977 at a semaphore light controlled intersection at Howard Avenue and Magazine Street in New Orleans between Dupree Kinchen Jr., plaintiff and defendant in re-eonverition, and Gregory Rigamer, defendant and plaintiff in reconvention, both drivers contending that they had the green light. Also made parties were Southern Farm Bureau Casualty Ins. Co., insurer of the Rigamer automobile as a co-defendant. Southern Farm Bureau reconvened on behalf of Rigamer and joined Evans Cooperage Company, Inc., Kinchen’s employer and owner of the truck, under the doctrine of respondeat superior.
Evans Cooperage Company Inc. filed an Exception of Prescription which was maintained.
After trial on the merits, judgment was rendered in favor of plaintiff, Dupree Kin-chen Jr. and against Gregory Rigamer and Southern Farm Bureau Casualty Ins. Co., in solido, in the sum of Eight Thousand, Eight Hundred and 8%oo ($8,880.00) Dollars with legal interest from demand and fixing experts’ fees and taxing same as costs.
Defendant-appellants contend that the trial court erred in its factual finding, and alternatively, that the award is excessive. We disagree.
Kinchen was operating a cab with a forty foot trailer traveling uptown on Magazine Street, a one way street. Mr. Rigamer was operating an Oldsmobile traveling toward the Mississippi River on Howard Avenue, also a one way street. The intersection of Magazine and Howard is a busy intersection and traffic flow is controlled by a green-yellow-red semiphore light.
Our appreciation of the facts as found in the record are that a taxi cab containing two persons, Trenia Brue and Warreneia Horton, was stopped in the right lane of Howard Avenue for a red light and behind the taxi was an automobile occupied by Edward Keller and his sister, Alicyn Keller. The Rigamer automobile was to the left of these two vehicles. Observing the traffic conditions and the light were two pedestrians, Mr. Ed Schmidt on Magazine and Mr. Michael Dupree on Howard Avenue.
Plaintiff Kinchen and Ed Schmidt all testified that the light was green for traffic on Magazine. Edward and Alicyn Keller and Michael Dupree testified that the light was red for traffic on Howard Avenue.
Warreneia Horton and Trenia Brue testified that the light had turned green for Howard Avenue traffic just before the collision and that both Rigamer and Kinchen were traveling in the same direction. Ri-gamer had no recollection of the accident.
We agree with the trial judge in his assessment of the facts and his findings will not be disturbed. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Defendant-Appellants further contend that Kinchen skid marks of 99 feet indicate that Kinchen was traveling in excess of 25 miles per hour. We are urged to take Judicial Notice of speed and stopping distance charts contained in Blashfield Automobile Law and Practice, Vol. 1, Sec. 3.3 and 14 Tulane Law Review 503. The charts were not introduced into evidence, nor was any expert produced. We cannot take this liberty. Guidry v. Grain Dealers Mutual Insurance Company, 193 So.2d 873 (La.App. 3rd Cir. 1967).
Appellants submit that the injury allegedly sustained by Mr. Kinchen does not warrant the award by the trial court. Although the accident occurred on June 20, 1977, the plaintiff did not seek medical attention until he saw Dr. Borgman on September 2, 1977. Dr. Borgman referred the plaintiff to Dr. Stokes, an orthopedic physician on September 7, 1977 who treated through December 2, 1977. Dr. Stokes testified that, “I found nothing abnormal in this patient on any of the examinations I performed”. Dr. Stokes referred the plaintiff to neurosurgeon, Dr. Nadell, who diagnosed his condition as a costochondral separation. Finally, the plaintiff was treated by Dr. Adatto who diagnosed the same condition in April of 1979.
*484 Mr. Kinchen testified' that the injury caused him pain during the mornings and upon attempting strenuous labor. He complained of “popping” noises in his chest which had not ceased, even up to the point of trial. The pain limited him in his occupation and also recreational activities such as swimming and jogging for almost two years. Although Dr. Stokes was unable to pinpoint the plaintiff’s problem, the Costo-chondral separation was noted by Dr. Na-dell in December of 1977 and thereafter corroborated by Dr. Adatto in April of 1979. Dr. Adatto prescribed steroid injections which over a period of time had a favorable effect on the plaintiff, thereby confirming the diagnosis of costochondral separation.
We feel that the record in the instant case provides sufficient evidence, both lay and expert, to sustain the trial court’s award of $8,880.00. The trier of the fact has the advantage of seeing the witnesses and evaluating their testimony. Boswell v. Roy O. Martin Lumber Co., 363 So.2d 506 (La.1978).
We can find no clear and convincing evidence of abuse of discretion by the trial court regarding quantum. Coco v. Winston Industries, 341 So.2d 332 (La.1977).
The decision of the trial court is affirmed.
AFFIRMED.