Dear District Attorney Downs:
As counsel for the Rapides Parish School Board ("Board"), you have requested an opinion of this office as to whether the Board may legally rescind its appointment of Mr. Jonathan Garrett as principal of Ruby Wise Elementary School ("Ruby Wise"). As provided in your letter, the Board voted to appoint Mr. Garrett as principal of Ruby Wise in a Special Board meeting held on July 26, 2010. The Board and Mr. Garrett entered into a Contract of Employment for Principal ("employment contract"), and Mr. Garrett assumed his duties as principal. Subsequently, Board Member Janet Dixon placed a motion on the Board's September agenda to rescind Mr. Garrett's appointment. Her motion was based on the Board's failure to comply with internal Board policy pertaining to the selection of administrative and supervisory personnel ("Policy GBDA").[1] As the Board's counsel, you advised Board members that they could not legally rescind Mr. Garrett's appointment on the grounds that the Board may not have complied with its internal Policy GDBA.
In letters dated August 24 and August 30, 2010, you advised the Board that La.R.S. 17:444 of the Louisiana teacher tenure law[2]
requires that Mr. Garrett be employed pursuant to a written contract and that he be retained during the contract term unless he is found to be incompetent, inefficient or to have failed to fulfill the terms and performance objectives of the contract. You advised the Board that the Board's possible failure to comply with its own policy in the selection of Mr. Garrett as principal does not constitute valid grounds for termination under applicable state law, and therefore it could not legally rescind his appointment. *Page 2 
Notwithstanding the legal advice provided, Ms. Dixon brought forward her motion to rescind Mr. Garrett's appointment at the Board's September meeting. During the discussion of the motion, Ms. Dixon informed Board members that she had obtained legal advice that differed from the advice you provided as the Board's counsel and that she intended to seek an Attorney General opinion on the matter. The motion to rescind Mr. Garrett's appointment failed in an 8-1 vote.
You continue to believe the legal advice you provided to the Board is correct, and therefore have requested this opinion. As will be discussed further, and based on the facts and circumstances set forth above as you provided them, it is the opinion of this office that the Board may not legally rescind its appointment of Mr. Garrett as principal of Ruby Wise based on the Board's possible failure to comply with its internal Policy GBDA.
The employment of tenured teachers in positions that pay higher salaries than those paid to teachers in the system is governed by La.R.S. 17:444(B). Mr. Garrett was the assistant principal at Tioga High School prior to his appointment as principal of Ruby Wise. His appointment was a promotion to a higher position or position of higher salary. The term higher salary is synonymous with term higher position.[3] Higher position and higher salary are used interchangeably.[4] La.R.S.17:444(B) provides in pertinent part as follows:
(3) [W]henever a person is employed to take a position that pays a higher salary than that paid to a teacher in the system and the employment in the position of higher salary requires a teaching certificate or any appropriate administrative/supervisory endorsement, or both, all the provisions of this Subsection with regard to employment pursuant to a written contract containing performance objectives for a period of not more than four nor less than two years shall apply.
 * * * *
(4)(a)(i) [T]he employment provided for in this Section shall be for a term of not less than two years, except when such employment is for a temporary position, nor more than four years, and said term shall be specified in a written contract, which shall contain performance objectives.
 * * * *
(iii) The employee shall be retained during the term of a contract unless the employee is found incompetent or inefficient or is found to have failed to fulfill the terms and performance objectives of his contract. However, before an employee can be removed during the contract period, he shall have the right to written charges and a fair hearing before the board after reasonable written notice. [Emphasis added]. *Page 3 
As required by La.R.S. 17:444(B), Mr. Garrett is employed pursuant to a written contract containing performance objectives. His contract is for a term of two years beginning on July 27, 2010, and ending on July 26, 2011. Additionally, the contract contains language requiring that he be retained during the contract term unless he is found to be incompetent or inefficient or to have failed to fulfill the terms and performance objectives of his contract. The statutory and contractual provisions regarding retention limit the Board's ability to terminate Mr. Garrett's employment for any reason other than those provided in La.R.S. 17:444(B)(4)(a)(iii) and Paragraph VII(A) of his employment contract. The Board's possible failure to comply with its internal Policy GBDA is not a statutorily recognized reason for which Mr. Garrett's employment may be terminated. Therefore, it is the opinion of this office that the Board may not rescind Mr. Garrett's appointment based on the possible failure of the Board to comply with internal Board Policy GBDA. It is important to note that this office has made no determination as to whether the Board complied with Policy GBDA, as it was not necessary to address the issue regarding the Board's ability to legally rescind its appointment of Mr. Garrett.
In summary, Mr. Garrett's appointment as principal of Ruby Wise is a promotion to a position of higher salary governed by La.R.S. 17:444(B) of the teacher tenure law. La.R.S. 17:444(B) provides that he shall be employed pursuant to written contract containing performance objectives and having a term of two years and shall be retained during the term of his contract unless found to be incompetent, inefficient or to have failed to fulfill the terms and performance objectives of his contract. The Board's possible failure to comply with its internal policy regarding the selection of administrative and supervisory personnel is not a legally sufficient reason for which his employment may be terminated. Therefore, it is the opinion of this office that the School Board may not rescind Mr. Garrett's appointment for the reason provided.
We trust this addresses your concerns. If you have any additional questions, please do not hesitate to contact this office.
With kindest regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ DENISE BROU FITZGERALD ASSISTANT ATTORNEY GENERAL
JDC:DBF:lbw
[1] The Policy Manual of the Rapides Parish School Board, Section G, Personnel, subsection GBDA, employment of administrative and supervisory personnel — selection process.
[2] La.R.S. 17:441 et seq.
[3] Smith v. Ouachita Parish School Board, 29-873 (La.App. 2 Cir. 9/24/97), 702 So.2d 727.
[4] Pasqua v. Lafourche Parish School Board,408 So.2d 438 (La.App. 1 Cir. 1981).