STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-178


BETTY ISAAC

VERSUS

REMINGTON COLLEGE

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2010-4910, DIV. "E"
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*
MARC T. AMY
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, James T. Genovese, Shannon J. Gremillion and John E. Conery, Judges.

                                              **AFFIRMED.**


**Saunders, J., dissents.**
**Genovese, J., dissents and assigns written reasons.**


**Harold D. Register, Jr.**
**A Professional Law Corporation**
**216 Rue Louis XIV**
**Post Office Box 80214**
**Lafayette, Louisiana 70598-0214**
**(337) 981-6644**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    Betty Isaac

**C. David Vasser, Jr.**
**Vasser & Vasser**
**516 Myrtle Hill Drive**
**Baton Rouge, Louisiana 70810**
**(225) 767-0352**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Remington College**

**AMY, Judge.**

The plaintiff in this matter alleged that she suffered injuries when she slipped and fell in a wet hallway. Instead of conducting a full trial, the parties stipulated that the plaintiff's deposition and medical records would be placed into evidence. Thereafter, the trial court found that the plaintiff suffered an aggravation of pre-existing conditions as a result of the accident and awarded $1,500.00 in damages for pain and suffering. The plaintiff appeals, contending that the amount of the award is abusively low. For the following reasons, we affirm.

## Factual and Procedural Background

The plaintiff, Betty Isaac, was a student at Remington College. According to Ms. Isaac, on August 25, 2009, she was walking in the hallway at Remington College when she slipped on a wet floor and fell. Ms. Isaac complained that she injured her back and knees as a result of the accident. The record indicates that Remington College paid for Ms. Isaac's medical treatment and physical therapy as a result of the accident.

Thereafter, Ms. Isaac filed suit against Remington College, seeking damages for her injuries. Ms. Isaac later specified that she suffered injuries to her "cervical, thoracic, lumbar spine, and left knee."

When the day of trial arrived, the parties stipulated that, in lieu of testimony, Ms. Isaac's deposition and medical records would be submitted into evidence. After reviewing the evidence, the trial court noted that Ms. Isaac had sought medical treatment for left knee pain and lower back pain the day before the accident. However, finding that she may have suffered from a "couple of months of aggravation of a pre-existing condition," the trial court awarded Ms. Isaac $1,500.00 in damages for pain and suffering.

Ms. Isaac appeals, asserting that the trial court erred in awarding only $1,500.00 in damages.

**Discussion**

Ms. Isaac contends that the trial court's general damages award was abusively low. In *Miller v. LAMMICO*, 07-1352, pp. 27-28 (La. 1/16/08), 973 So.2d 693, 711, the supreme court addressed the appellate court's review of general damage awards, stating:

> General damages are those which are inherently speculative in nature and cannot be fixed with mathematical certainty. *Boswell v. Roy O. Martin Lumber Co., Inc.*, 363 So.2d 506, 507 (La.1978); *Anderson v. Welding Testing Lab., Inc.*, 304 So.2d 351, 352 (La.1974).
>
> . . . .
>
> An appellate court reviews a trial court's general damage award using the abuse of discretion standard. *Coco v. Winston Industries, Inc.*, 341 So.2d 332, 335 (La.1976). . . . An appellate court may disturb a damages award only after an articulated analysis of the facts discloses an abuse of discretion. *Theriot v. Allstate Ins. Co.*, 625 So.2d 1337, 1340 (La.1993); *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993) (the fact finder's discretion in awarding general damages is vast and should rarely be disturbed); *Reck v. Stevens*[,] 373 So.2d 498, 501 (La.1979). To determine whether there has been an abuse of discretion by the fact finder, the reviewing court looks first to the facts and circumstances of the particular case. *Theriot*, 625 So.2d at 1340; *Reck*, 373 So.2d at 501.

*See also* La.Civ.Code art. 2324.1.[1]

At her deposition, Ms. Isaac testified that on August 25, 2009, she slipped and fell on a wet floor at Remington College. She alleged that, as a result of the fall, her back and legs hurt and that she had headaches. Ms. Isaac also claimed that she hit her hand on a locker and, later, told one of her doctors that she blacked out for a few minutes. Thereafter, on August 27, she saw Dr. John Stafford, who

---

[1] Louisiana Civil Code Article 2324.1 provides that: "In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury."

2

diagnosed her with thoracic strain and left knee strain. Ms. Isaac continued treatment, including medication and physical therapy, for complaints related to her fall until November 5, 2009, when Dr. Stafford discharged her.[2]

At her deposition, Ms. Isaac testified that she had an automobile accident years before that injured her knees. Although she could not remember which knee was injured, Ms. Isaac testified that it hurt until the swelling went down. Other than that accident, Ms. Isaac denied that she had ever hurt her knees before. Medical records indicated that, while she was being treated for injuries related to her fall, Ms. Isaac was hospitalized as a result of her pre-existing chronic obstructive pulmonary disease with asthma. She testified that, other than her pulmonologist, Dr. Richard Fei, she had not seen any other doctors in the year before the accident and that Dr. Fei's medical records would be all of her medical records for the year before the accident.

However, the record includes medical records from Dr. Charles Louis that indicate that Ms. Isaac had complaints of back pain, knee pain, and leg pain dating back to at least 2005. Most notably, Ms. Isaac saw Dr. Louis on August 24, 2009—the day before the accident at Remington College—with complaints of back pain and left knee pain.

Ms. Isaac was placed on "return to work" status in late December of 2009. Further, at her deposition, Ms. Isaac agreed that she was ready to be released from treatment in January of 2010[3] but that she avoids lifting anything heavy because

---

[2] In early December of 2009, Ms. Isaac returned to Dr. Stafford's clinic complaining of neck pain as a result of lifting a heavy suitcase. Although Ms. Isaac characterized this as the same pain she was experiencing as a result of the fall, Dr. Stafford's medical records indicate that he considered this a new injury.

[3] Dr. Pernell Simon, one of Dr. Stafford's associates, last saw Ms. Isaac for complaints related to her injuries from lifting the suitcase in January of 2010.

she gets muscle spasms. However, Dr. Louis' medical records reveal that Ms. Isaac sought further treatment for complaints related to the accident at Remington College starting in May of 2011, more than a year and a half after the accident and more than a year after she had been discharged from Dr. Stafford's care.[4]

The parties stipulated at trial that Remington College paid for all of Ms. Isaac's medical expenses and that there were no special damages at issue.

After reviewing the evidence, the trial court made the following findings:

> Ms. Isaac was injured as a result of a slip and fall at Remington College, continued to claim of left leg, back, kind of a meandering type of -- if you read all of her medical records, the injuries kind of meander pretty much all over the waterfront. However, there are some significant things, one of which is that the day before the accident happened she was seen by one of her treating physicians for left leg and back pain. The doctor indicates that there could have been a worsening of the pre-existing condition. However, approximately two (2) months post-accident the physician indicated that he was ready to discharge her and, in fact, discharged her. And she presented herself to him complaining of injury to her back and legs as a result of picking up a heavy object, and caused the doctor to conclude that this must have resulted from a new injury.

> So, basically, what I'm saying is, at best, we're looking at maybe a couple of months of aggravation of a pre-existing condition. I cannot exclude the fact that she may have been injured.

> I'll make an award of fifteen hundred dollars ($1500) pain and suffering for the aggravation of the pre-existing condition.

Although the record supports the trial court's conclusion that Ms. Isaac's complaints were aggravations of pre-existing symptoms, "a tortfeasor takes his victim as he finds him, and he is responsible in damages for the consequences of his tort although the damages so caused are greater because of a prior condition of the victim which is aggravated by the tort." *Reck v. Stevens*, 373 So.2d 498, 502 (La.1979). However, the award rendered bears a reasonable relationship to the

---

[4] We observe that, even though Ms. Isaac sought treatment from Dr. Louis in October of 2009, there is no mention of any complaints regarding the accident at Remington College until May of 2011.

trial court's findings in light of the evidence that Ms. Isaac's complaints resolved within a few months and in light of her inconsistent statements, especially concerning her previous treatment. Thus, after reviewing the record and considering the entirety of the evidence, we cannot conclude that this is one of those cases where the trial court abused its great discretion in awarding damages. *See Reck*, 373 So.2d 498.

Ms. Isaac's assignment of error is without merit.

## DECREE

For the foregoing reasons, we affirm in all respects the trial court's judgment dated November 5, 2012. Costs of this appeal are assessed to Ms. Isaac.

**AFFIRMED.**